## (June 24, 1958)

■ MARY BORSELLA, as Administratrix of the Estate of THEODORE BORSELLA, Deceased, Appellant, v. WICKHAM BROS. INC., et al., Respondents, et al., Defendants.— This is an appeal from a judgment in favor of the defendants entered on the verdict of a jury after trial. April 17, 1950, an accident occurred

in which Theodore Borsella, now deceased (herein called decedent) allegedly sustained certain injuries. A bus operated by the decedent was struck in the rear by a truck driven by the individual defendant-respondent. There were different versions as to how the accident occurred. The decedent offered testimony that the bus was struck by the truck operated by this defendant-respondent and thereafter a lesser impact occurred. The respondents offered testimony that the truck operated by the individual respondent, while stopped, was struck in the rear by a truck operated by one Henn and driven into the rear of the bus. Prior to the trial the action was settled and discontinued as to Henn and his employer. At the trial, one Fetzer, a police officer not a witness to the accident, related an alleged conversation with the individual defendant-respondent which differed somewhat from the testimony given by the defendant-respondent. On cross-examination, allegedly to refresh his recollection, the witness was shown the MV 104 (report of motor vehicle accident) of Henn, who was not called by either party though present in the courtroom, and the following occurred: " Q. Is that the description that you got of the accident? A. Well, it must be because I put it down on the record." Thereafter the document was offered and received in evidence over the objection of the decedent's counsel. Later defense counsel read to the jury Henn's statement as to how the accident occurred. This was error. The document was not admissible for the truth of its contents and, on the state of the record, there was no other basis on which it was admissible in evidence. Since the statement went to the heart of the issue we cannot say that it did not influence the jury in reaching a verdict for the defendant and a new trial must be ordered. (*Williams* v. *Alexander,* 309 N. Y. 283.) Judgment unanimously reversed on the law and a new trial ordered, with costs to abide the event. Concur— Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.