■ KATHLEEN R. WRIGHT, an Infant, by MARGARET R. RUBIN, Her Parent, et al., Appellants, v. THEODORE McCOY, Respondent. (Action No. 1.) JAMES P. RODGERS, Appellant, v. THEODORE McCOY, Respondent. (Action No. 2.) THEODORE McCOY, Respondent, v. JAMES P. RODGERS, Appellant. (Action No. 3.) — Appeals (1) from a judgment of the Supreme Court in favor of plaintiff in Action No. 3 and defendant in Actions Nos. 1 and 2, entered May 24, 1971 in Sullivan County, upon a verdict rendered at a Trial Term; and (2) from an order of said court, entered July 15, 1971, which denied the motion of the defendant in Action No. 3 to set aside the verdict. On February 13, 1966, at the intersection of 125th Street and Broadway in the Borough of Manhattan at approximately 9:00 P.M., an automobile owned and operated by James P. Rodgers was involved in a collision with an automobile owned and operated by Theodore McCoy. At the time of the collision, the Rodgers' vehicle, which had been proceeding easterly on 125th Street, was making a left turn to proceed northerly on Broadway, and the McCoy vehicle was proceeding in a westerly direction on 125th Street and crossing Broadway. The intersection was controlled by a traffic light. At the trial, conflicting versions were given as to the happening of the accident, particularly with regard to the traffic

light. Rodgers testified that McCoy went through a red light and struck his car broadside, and McCoy testified that the traffic light was green, and that Rodgers made a left turn in front of him. Over Rodgers' objection, the trial court received in evidence a so-called "Aided and Accident Card", signed by Officer James E. Given of the New York City Police upon which was written, among other things, the following: "Traffic controlled by officer? No. Was officer a witness? No. Traffic controlled by lights? Yes. Lights in operation? Yes. At the time of accident, what direction was traffic moving on lights? East and West." Rodgers' objection was directed primarily to the answer to the last question on the card which would indicate that the traffic light was green for traffic moving in easterly and westerly directions on 125th Street. The card did not disclose the source of Officer Given's information, and the answers thereon were not referenced to any particular individual. He testified that he had not been at the scene of the accident; that he did not know whether the officers who had been at the scene had witnessed the accident; that, after the accident, he had gone to the hospital emergency room and had interviewed all persons involved in the accident, and the police officers who had been at the scene; and that on the basis of these interviews, he had prepared the "Aided and Accident Card". He further testified that he "must have spoken to both drivers", but the only one he identified was McCoy. Appellant contends that the admission into evidence of the "Aided and Accident Card" constituted prejudicial error requiring a new trial, and that the judgment of $5,000 in favor of McCoy is excessive. While CPLR 4518 permits the admission into evidence of a police report as a record made in the regular course of business and this "Aided and Accident Card" may be considered as such a record, it is not admissible as proof of the facts recorded therein unless " (1) the entrant of those facts was the witness, or (2) the person giving the entrant the information was under a business duty to relate the facts to the entrant". (*Toll* v. *State of New York*, 32 A D 2d 47, 49.) The testimony of the police officer as to the source of the information upon which his entries on the "Aided and Accident Card" were based is not only vague, but also fails to identify any person under a business duty to relate the facts as his informant. Any conclusion based on McCoy's statement, if, in fact, he made any statement, would be in his self-interest. The report was not based upon the required information to make it admissible, and the statements contained therein were prejudicial and not admissible as entries in the regular course of business. (*Johnson* v. *Lutz*, 253 N.Y. 124; *Mahon* v. *Giordano*, 30 A D 2d 792; *Yeargans* v. *Yeargams*, 24 A D 2d 280; *Sinkevich* v. *Cenkus*, 24 A D 903; Barker, Admissibility of Investigational Reports under Business Records Statute, 33 Albany L. Rev. 251.) It should be noted that in *Toll* v. *State of New York* (*supra*, p. 50), on which respondent relies as authority for admission of the report, the court held that "the collision not having been witnessed by the State Trooper and there being no proof that whoever gave him the facts had a business duty to do so, the report is not admissible to prove the main facts". Since the judgment must be reversed and a new trial ordered, we do not reach the issue of whether or not the verdict was excessive. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.