CARMEN D. PRADO, as Administratrix of the Estate of CHARLES PRADO, Deceased, Appellant-Respondent, v. ONOR OSCAR, INC., Respondent-Appellant. In a negligence action to recover damages for personal injuries, (1) plaintiff appeals, as limited by her brief, from so much of an order of the Supreme

Court, Kings County, dated June 21, 1973, as set aside a jury verdict in her favor on the issue of liability and granted a new trial; and (2) defendant appeals, as limited by its brief, from so much of the same order as denied its motions to dismiss the complaint at the end of the proofs and after rendition of the verdict. Order affirmed, without costs. The appeal presented no questions of fact. The complaint alleged that on May 30, 1969, about 4:00 A.M., plaintiff's intestate, Charles Prado, was a passenger in a taxicab owned by defendant and operated with its consent by Ulpiano M. Minon, its employee, and that, while proceeding southbound on the West Side Highway in the City of New York, the vehicle struck an exit ramp abutment causing the injuries complained of. Prior to the trial, both Prado and Minon passed away from causes unrelated to this accident. Upon the trial, over objections, the court admitted into evidence the police aided card which stated that Prado had been a passenger in the cab. The police officer who responded to the scene and made out the aided card testified that he had no present recollection of the facts, did not recall the position of the injured parties when he arrived and could not recall how or from whom he had obtained the information. The jury returned a verdict in favor of plaintiff and defendant moved to set it aside. After first denying the motion, the court on reconsideration concluded that it had been in error in admitting into evidence the police aided card, which was the only evidence in the case proving Prado's presence in defendant's taxicab at the time of the accident. The court thereupon ordered a new trial. We agree with that disposition, for the police aided card should not have been received to prove the fact that the decedent was a passenger in defendant's vehicle (*Johnson* v. *Lutz*, 253 N. Y. 124). In addition to the use of the aided card, plaintiff also tried to prove her intestate's presence in the taxi at the time of the accident by offering into evidence a signed statement, allegedly made by defendant's driver, Minon, one week after the accident, which stated that the decedent was a passenger in his cab. Under the meager proof submitted in connection with that offer, the statement was properly excluded. Generally speaking, an agent's admissions are not binding upon his principal. If, however, the agent was expressly or impliedly authorized to make admissions on behalf of his principal, they are admissible against the latter as proof of the truth of the facts asserted therein (see *Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203, 206). There is no such proof in this case. In addition, it is possible that Minon made the statement as part of an accident report prepared in the ordinary course of defendant's business (*Green* v. *Carey Transp.*, 38 A D 2d 711). If so, it would be admissible, but again the proof is lacking. Upon the new trial, the circumstances surrounding the making of this statement should be more fully explored and it should be admitted if it falls within either of the above categories. Shapiro, Acting P. J., Christ, Brennan and Munder, JJ., concur; Benjamin, J., concurs in part and dissents in part and votes (1) to modify the order by striking therefrom the provisions which set aside the jury verdict and granted a new trial and (2) to reinstate the verdict, with the following memorandum: In my opinion the police report of the accident should have been received in evidence as a record made in the regular course of business (CPLR 4518; *Kelly* v. *Wasserman*, 5 N Y 2d 425). The evidence thus adduced by the documents established that plaintiff's intestate was a passenger in defendant's taxi, that the taxi was being operated by defendant's duly authorized employee and that plaintiff's intestate was injured when the taxi came into contact with an abutment on the highway. Upon these facts, the jury was free to conclude that plaintiff's intestate was injured by defendant's negligence.