■ BONITA B. MASHLEY, Appellant, v JOHN V. KERR et al., Respondents. —Appeals from (1) a judgment of Supreme Court in favor of defendants, entered January 17, 1977 in Fulton County, upon a verdict rendered at a Trial Term, and (2) an order of said court which denied plaintiff's motion to set aside the verdict. Plaintiff testified that on February 20, 1972 she was operating her automobile in a westerly direction on the New York State Thruway when she came upon an accident scene. The weather conditions were snowy and blustery, and visibility was poor. At the accident scene, an automobile operated by Austin Truit had collided with a Thruway snowplow. An automobile operated by Pamela McCue had stopped behind the Truit automobile on the highway shoulder. Plaintiff approached the accident scene, and brought her automobile to a stop about a car length behind the McCue car. Plaintiff further testified that she was afraid her automobile would be hit. She looked out the rear mirror and observed a car approaching. That car hit her automobile in the rear and was then pushed into the McCue car. John Kerr testified that he was operating his automobile in a westerly direction and observed blowing snow ahead of him. He slowed his speed as he entered the snow and could not see past the hood of his car. When he came out of the snow, there was a car right in front of him, and then the accident happened as the front of his car hit the rear of the vehicle ahead of him. Plaintiff and her passenger brought actions against Kerr and McCue. The passenger was awarded a verdict in her favor against Kerr, and the jury returned a verdict of no cause of action against plaintiff. Plaintiff

contends that the trial court erred in admitting into evidence police reports prepared by a State trooper who arrived at the accident scene shortly after the accident, and further that the charge to the jury relative to plaintiff's failure to call or explain the absence of certain medical witnesses was also error. We disagree. State Trooper Lewis Bode who arrived at the accident scene shortly after the happening of the accident was called as a witness by defendant Kerr. Trooper Bode identified the accident reports, including the diagrams to which plaintiff particularly objects, and testified in some detail not only as to the information contained in the reports, but also as to the sources of the information. From his testimony it is apparent that the trooper talked to all or most of the parties, including the plaintiff. Although the reports were based upon the trooper's synthesis of the various conversations and, as pointed out by the dissent, he was vague as to the source of any particular data, the statements were generally consistent and any information in the reports based on statements by appellant were admissible against her (Johnson v Lutz, 253 NY 124; Toll v State of New York, 32 AD2d 47). In view of the foregoing, because the reports were cumulative to Trooper Bode's testimony, and because we believe that the result would have been the same regardless of whether the reports were admitted into evidence, we conclude that the error, if any, in their admission was not reversible (CPLR 2002; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2002.02; Finch v Benninger, 13 AD2d 568). The charge to the jury relative to the absence of medical doctors' testimony who treated plaintiff, and objected to by appellant, did not constitute any error. Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Larkin, JJ., concur; Staley, Jr., J., dissents and votes to reverse in the following memorandum. Staley, Jr., J. (dissenting). I respectfully dissent. In my opinion, the trial court committed reversible error in admitting the police accident reports into evidence. State Trooper Lewis Bode who arrived at the accident scene shortly after the happening of the accident was called as a witness by defendant Kerr. The trooper identified defendant's Exhibits A, B and C as copies of accident reports that he made on February 29, 1972 relative to the accident that occurred on February 20, 1972. The description of the accident in Exhibit A was as follows: "Vehicle #1 [Truit] stopped due to previous accident in front of him, vehicle #2 [Smialek] westbound slowed and skidded and was struck in side by vehicle #3 [Mashley] and pushed into #1." The description of the accident in Exhibit B was as follows: "Vehicle #1 [McCue] stopped at previous accident, vehicle #2 [Kerr] westbound struck #1 then carreened into #3 [Mashley] also stopped at accident scene, vehicle #4 [Ouderkirk] struck #2 attempting to stop, vehicle #5 [Knight] westbound skidded into #2 then into #6 [Eichenlaub] in passing lane." The description of the accident in Exhibit C was as follows: "Vehicle #1 [Ostrander] westbound plowing shoulder, vehicle #2 [Truit] westbound in driving lane when gusting snow caused zero visabilty, vehicle #2 unable to see struck vehicle #1 in rear." Plaintiff objected to the receipt in evidence of Exhibits A and B as hearsay, and on the ground that there was no indication that the plaintiff gave the trooper the information set forth in the exhibits. The testimony of McCue and Kerr consistently describe the accident as involving only their automobiles, and the only mention of the Smialek automobile is the trooper's report, and his testimony that the Smialek automobile was at the scene. McCue testified about a phantom gold automobile which was involved in the accident which gold automobile was not further identified. Further, there is no conclusive evidence that plaintiff gave the trooper a description of the accident as set forth in the exhibits.

Kerr testified that he had a conversation with Trooper Bode at the motel after the accident. In response to the question "and you told the trooper what your version was as to what happened and how it happened and so forth?" Kerr answered "Uh-huh". In his testimony relative to previous questions and answers on his examination before trial, Kerr stated that "I said it in there that the policeman told me that". McCue testified that she talked to a policeman at the scene, and that she told him her name, address, the rate of speed of her car, number of miles she drove per year, who was with her in her car, and also that she had stated that her car had not struck anyone. There was testimony by plaintiff that she had talked with the trooper in the hospital emergency room, but that she could not very clearly remember the conversation. Trooper Bode, on his original questioning about conversations with the plaintiff, stated that he did not recall talking to her, but that if it is on the report he did talk to her as she was a participant in the accident. He outlined the routine questions and answers contained in the report from information given by appellant. He also testified that he talked to Truit and plaintiff, and that Exhibit A contained, in substance, what they told him as to how the accident happened. Truit testified that he could not identify the operators of the vehicles in the second accident, or the location of the vehicles after the accident, and that his statement was prepared by the State Police, and that any information concerning the second accident was not based on his knowledge. Later, in the trooper's testimony referring to the description of the accident in Exhibit A, he stated the source of his information was from all three of them (Truit, Smialek and Mashley), or "any one of the three, it would have been put together as to what they said as to who hit what and when they hit". The inconsistency of the happening of the accident as described between Exhibits A and B, and the indefinite conclusory testimony by the trooper as to the direct source of his information, particularly relating to plaintiff, makes these exhibits subject to speculation and error. Exhibit A is particularly questionable since the only testimony placing the Smialek car at the scene and its involvement in the accident came from the trooper and was contrary to the testimony of the plaintiff, Truit, McCue and Kerr. The question of admissibility of police accident reports has created great concern with the courts presiding over automobile negligence actions. In the grandfather case of *Johnson v Lutz* (253 NY 124) the court affirmed a trial court ruling excluding a police report of a motor vehicle accident stating (pp 127-128): "The policeman who made it was not present at the time of the accident. The memorandum was made from hearsay statements of third persons who happened to be present at the scene of the accident when he arrived. It does not appear whether they saw the accident and stated to him what they knew, or stated what some other persons had told them". This rule has been followed in *Prado v Onor Oscar, Inc.* (44 AD2d 604); *Wright v McCoy* (41 AD2d 873); *Mahon v Giordano* (30 AD2d 792); *Sinkevich v Cenkus* (24 AD2d 903); *Yeargans v Yeargans* (24 AD2d 280) and *Needle v New York Rys. Corp.* (227 App Div 276). In actions where it is definitely established that a party witness made a statement to the police which was incorporated in the police report, it is admissible as an admission made by the party *(Kelly v Wasserman,* 5 NY2d 425; *Penn v Kirsh,* 40 AD2d 814; *Chemical Leaman Tank Lines v Stevens,* 21 AD2d 556; Fisch, New York Evidence [2d ed], § 836; 26 Syracuse L Rev 423, 432; 33 Albany L Rev 251). Where, because it was not certain that all information contained in the report was obtained from a party to the action, a police report of motor vehicle accident does not constitute such an admission as might be the basis for a finding of fact and the police officer's testimony

from report was not admissible *Paull v Meyers,* (200 Pa Super Ct 74). In *Borsella v Wickham Bros.* (6 AD2d 784) a police officer not a witness to the accident related an alleged conversation with the individual defendant which differed from the testimony given by the defendant. On cross-examination, he was shown a report of the motor vehicle accident of a witness not called by either party. He was asked the question (p 785) "Is that the description you got of the accident" and he answered "Well, it must be because I put it down on the record." The court held that the admission of the report in evidence was reversible error. Trooper Bode's explanation of the contents of Exhibits A and B, as it related to plaintiff, lacks the same foundation and specific identity of his source of information as set forth in the Borsella case. The admission of Exhibit A was reversible error, and the judgment should be reversed and a new trial ordered.