■ Patricia A. McAllister, Respondent, v Adam Packing Corp., et al., Appellants.—Appeal from a judgment of the Supreme Court, entered May 24, 1977 in Sullivan County, upon a verdict rendered at a Trial Term in favor of the plaintiff. On February 6, 1976, the plaintiff, while driving on Route 52 in Sullivan County, stopped her car behind a car that was

signaling to make a left turn. Twenty to thirty seconds later, while plaintiff was still awaiting the turn of the car in front of her, a truck owned and operated by the defendants struck plaintiff's vehicle in the rear. Although the sight distance from the stopped car for traffic approaching from the rear was 785 feet, the defendant driver said he pumped his brakes seven or eight times and downshifted, but could not stop the truck before hitting the plaintiff's vehicle. The driver stated his brakes failed. There was testimony that the truck driver told the police officer at the scene that he had previously informed his employer that the brakes were faulty. In another proceeding, the defendant truck driver pleaded guilty to operating a vehicle with inadequate brakes. In this proceeding, the jury returned a verdict in favor of the plaintiff in the amount of $46,600. On this appeal, defendants urge that it was reversible error for the Trial Judge to refuse their request to charge the "emergency rule" doctrine. The trial court's refusal to so charge was correct, for the emergency rule doctrine is bottomed upon the principle that the situation suddenly and unexpectedly confronted must not be of the defendant's own making, unlike the situation in the instant case (*Kinsfather v Grueneberg,* 47 AD2d 789). The further contention that the charge in regard to brake failure was erroneous is also without merit. Every motor vehicle must have adequate brakes in good working order sufficient to control the vehicle at all times (Vehicle and Traffic Law, § 375). Failure to obey that statute is negligence unless an emergency excused the violation or if the failure of the brakes was unexpected and defendant had exercised reasonable care to keep the brakes in good working order. There was absolutely no proof in this case that the defendant had used reasonable care to keep the brakes in good working order. The trial court's charge to the jury was correct (*Manny v Casale,* 15 AD2d 857; *Wheeler v Rabine,* 15 AD2d 407; *Alongi v Bueter,* 286 App Div 990). In regard to the contention of the defendants as to the trial court's charge to the jury concerning the failure of the plaintiff to wear a seat belt, we note that there was no objection taken to this charge and thus the error, if any, was not preserved for our review. In regard to the contention of the defendants as to the trial court's admission into evidence of a police accident report, it is clear that if there were error in such admission it is not of such nature as to require reversal. The manner in which the accident occurred was not an issue in this case. The parties were in agreement as to the relative positions of the vehicles at the time of the accident, and the defendant truck driver stated that his brakes failed and that he hit the plaintiff in the rear. The police report was not inconsistent with any version of the accident (*Mashley v Kerr,* 63 AD2d 1084; *Finch v Benninger,* 13 AD2d 568). The bill of particulars set forth the alleged injuries of the plaintiff in sufficient detail so that the testimony concerning those injuries and the residuals therefrom provides no basis for reversal in this case. There is also no merit to the argument that the jury verdict was excessive. The trial court's determination as to the adequacy of the jury verdict will only be disturbed by an appellate court where it can be said that the trial court's exercise of discretion was not reasonably grounded (*Kielman v Enterprise Stores,* 38 AD2d 629). We have examined the medical testimony and determine that the award is not of such an amount as to shock the conscience of the court. Therefore, it must be affirmed (*Rice v Ninacs,* 34 AD2d 388). Judgment affirmed, with costs. Sweeney, Kane and Larkin, JJ., concur.

Mahoney, P. J., and Herlihy, JJ., concur in part and dissent in part in the following memorandum by Mahoney, P. J. Mahoney, P. J. (concurring in part and dissenting in part). We dissent from that part of the majority's

opinion that concludes the verdict of $46,600 was not excessive. Plaintiff sustained two scars of moderate length, one on her forehead requiring four stitches and the other on her leg requiring none; a broken nose resulting in a spur for which she was treated once in the 15 months between the accident and the date of trial; and other minor complaints for which she sought and obtained minimal medical attention. When the approximately $3,000 of medical, hospital and household expenses resulting from the accident is subtracted from the $46,600 damage award, it is clear that plaintiff was awarded over $43,000 for pain and suffering. Such amount is excessive. The judgment should be reversed and a new trial ordered unless plaintiff stipulates to reduce the total verdict to $20,000, and, in that event, the judgment should be affirmed.