a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, *799 entered September 18,1978, upon a jury verdict in favor of defendants El A1 Israel Airlines, and E. W. Howell, Inc. Judgment modified, on the law, by deleting all provisions thereof except that which discontinued plaintiffs’ action against Nicolina Golino, Inc., "with prejudice and without interests, costs and disbursements”. As so modified, judgment affirmed and new trial granted as to the remaining parties and causes, with costs to abide the event. Robert Brusca (hereinafter plaintiff) was employed as a construction worker by third-party defendant Durante Brothers, Inc., at the job site of defendant-respondent El A1 Israel Airlines (El Al) at Kennedy International Airport. El Al’s general contractor at the site was defendant-respondent E. W. Howell, Inc. (Howell). Plaintiff’s job was to operate an earth mover or tractor. On the morning of November 25, 1974, plaintiff, while engaged in this task, suffered serious facial injuries, the cause of which remains a matter of considerable debate. At the ensuing jury trial Police Officer Joseph Cannorozzo, of the Port of New York Authority Police, testifying on behalf of plaintiffs, stated that he arrived at the scene shortly after the accident occurred. He spoke to a number of the construction workers, but took only the name of John Conlin, an employee of Howell, whom he described as a "construction foreman”. According to Cannorozzo, he requested information from Conlin concerning the accident. Plaintiff’s counsel then sought to elicit from Cannorozzo the substance of Conlin’s statement to him. This led to the following exchanges: "Q Officer, without looking at the paper, do you have a recollection of your conversation with Mr. Conlin? A A general recollection I do have. * * * Q Would it help—Mr. Sheft [counsel for defendant Golino]: I am going to object to that. The Court: If you are going to try to get the conversation into evidence, if that’s the objection, I will sustain the objection. Mr. Sheet: That is the objection. Q Can you tell us, if you recall, without looking at the paper, what that conversation was? Mr. Fegan [counsel for defendants El Al and Howell]: Objection, your Honor. The Court: I will permit him to answer yes or no. * * * A Yes, I can. Q Okay, please tell us. Mr. Sheet: Objection. The Court: Sustained. * * * Q What did you ask him? Mr. Sheet: I am going to object to that too, what he said. The Court: Yes, I will sustain the objection. Q What did Mr. Conlin say to you? Mr. Sheet: Objection. Mr. Goldstein [counsel for plaintiffs]: If your Honor please, this is the job foreman. Mr. Sheet: Not to me he isn’t. Mr. Fegan: No, your Honor. The Court: Suppose he is, isn’t it pure hearsay? Anything said out of this courtroom is pure hearsay. You haven’t shown why the conversation is relevant, why it’s admissible in any form, on any issue in this case. You haven’t said Mr. Conlin was an eyewitness of the accident, so Mr. Conlin could only have been repeating something he heard, not something he saw. Mr. Goldstein: Not necessarily. The Court: From everything that you have shown. I will ask this witness myself: Did Mr. Conlin tell you that he was an eyewitness to the accident? The Witness: No, he did not. * * * The Court: Did you ask him in words or in substance whether he was an eyewitness? The Witness: Yes, I did. * * * The Court: Did he in words or in substance, say that he was an eyewitness; yes or no? The Witness: No. I would have to say no on that.” Subsequently, Conlin was called as a witness by the plaintiffs. He indicated that he had had a conversation with a police officer at the scene of the accident, but did not remember the officer’s name. The questioning continued as follows: "Q Mr. Conlin, did you state to the police officer that one of the workers was badly hurt; that he was operating a cat loader and was hit in the face by a five foot piece of steel reinforcement rod; the rod apparently got caught in the tracks of the vehicle and flew in the subject’s face. Did you say that to *800 him? A I don’t remember saying that, no. I don’t recall saying that.” On cross-examination, Conlin stated that he had not witnessed plaintiff’s accident. Thereafter, plaintiffs recalled Police Officer Cannorozzo, and the following occurred: "Q Officer, did Mr. Conlin make this statement to you, that one of his workers was badly hurt, the subject, while operating a cat loader was hit in the face by a five foot piece steel reinforcement rod, the rod apparently got caught in the tracks of the vehicle and threw [sic] into the subject’s face? A Yes, he did.” At this point, the court addressed the jury as follows: "I want to instruct the jury, that this statement may not be taken by you as proof of any fact. It may only be taken by you as possibly impeaching the credibility of the witness Conlin, for no other purpose.” The jury subsequently returned a verdict in favor of El Al and Howell. Plaintiffs contend that it was error for the trial court to restrict Officer Cannorozzo’s testimony concerning the statement purportedly made to him by Conlin to the issue of Conlin’s credibility and to exclude it for the truth of Conlin’s statement. We agree. The fact that a particular admission is apparently not based on personal knowledge of the occurrence described, but rather only upon information gleaned from others, is no bar to its admission into evidence. As was stated in Matter of Anthus v Rail Joint Co. (193 App Div 571, 572, affd 231 NY 557): "Since an admission of a party made out of court is in itself hearsay, receivable in evidence under a definitely recognized exception to the hearsay rule, its competency or relevancy cannot be affected by the question whether the party making it had personal knowledge or merely information as to the fact admitted. In other words, the law does not distinguish for the purposes of admissibility and relevancy between hearsay statements based on knowledge and hearsay statements based on other hearsay.” Only if Conlin’s alleged statement had been to the effect that he had heard that the accident occurred in the manner he described, would the evidence have been inadmissible, "as then it would only have amounted to an admission that he had heard the statement which he repeated and not to an admission of the facts included in it. That would have been in no sense an admission of any fact pertinent to the issue, but a mere admission of what he had heard without adoption or indorsement.” (See Reed v McCord, 160 NY 330, 341.) However, Conlin’s statement, as related by Officer Cannorozzo, was unaccompanied by any such qualification. The question remains whether Conlin’s alleged admission is receivable against his principal, Howell, for it is well settled that when the alleged admission is made not by a party but by the party’s agent or servant, it will be admissible against the party only if it is within the scope of the agent’s or servant’s authority (see Cox v State of New York, 3 NY2d 693, 698-699; cf. Matter of Anthus v Joint Rail Co., supra). In our view, that requirement was satisfied here. Conlin testified that he was the job superintendent for E. W. Howell at the El A1 job site. He agreed with the characterization of plaintiffs’ counsel that part of his job was to inspect the job site to make certain that it was in safe condition. It was part of his job to prepare a daily work report of the activities taking place at the job site which would indicate, among other things, any incident that may have taken place. Further, within about one hour of the time of this accident, Conlin prepared two accident reports. In our view, these facts amply establish that Conlin was essentially Howell’s spokesman at the job site, and that he was authorized, either expressly or implicitly, to make statements on a broad range of matters, including accidents (cf. Prado v Onor Oscar, Inc., 44 AD2d 604; Kasper v Buffalo Bills of Western N. Y., 42 AD2d 87). Conlin’s position and responsibilities gave him the requisite "incentive to carefully check the *801 correctness of the statements” he made (see Cox v State of New York, supra, p 698). Consequently, consideration of Police Officer Cannorozzo’s testimony with respect to Conlin’s admission should not have been restricted to the issue of Conlin’s credibility. We cannot agree with the argument put forth by El Al and Howell that the possibility that the jury’s verdict was influenced by the court’s improper ruling was "extremely remote”. The weight to be assigned to Conlin’s alleged admission was strictly a matter for the jury’s determination, with due regard to the circumstances under which it was made. We decline to assume that the jury, properly instructed as to the use of Police Officer Cannorozzo’s testimony, would nonetheless have returned a verdict in favor of El Al and Howell. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.