■ Dennis Simone et al., Appellants, v Gerald McNamara et al., Respondents. [873 NYS2d 621]—

Amended judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 18, 2007, upon a jury verdict, in defendants' favor, unanimously affirmed, without costs. Appeal from prior judgment, same court and Justice, entered June 1, 2007, unanimously dismissed, without costs, as superseded by appeal from amended judgment.

We need not determine whether the trial court erred in refusing to redact that portion of the record from Sharon Hospital, in the "History of Present Illness" section, that states plaintiff Dennis Simone "jumped off his truck landing on hard turf/ice and rotated his ankle," before admitting the record in evidence. Nor need we determine whether plaintiff waived his contention that the trial court erred by belatedly seeking to strike the testimony concerning the record and seeking a curative instruction.

We find, in any event, that any error was harmless as a matter of law (*see* CPLR 2002). The statement was cumulative of other testimony adduced at trial tending to support defendants' contention that the injured plaintiff fell on the grassy area rather than on the gravel courtyard/parking area (*see Mashley v Kerr*, 63 AD2d 1084, 1085 [1978]). Whether he fell on the grassy area or on the gravel courtyard/parking area was not dispositive of defendants' negligence. Accordingly, there is no reason to believe the result would not have been the same if the evidence had not been improperly admitted (*see Barracato v Camp Bauman Buses*, 217 AD2d 677 [1995]).

We reject plaintiffs' contention that the court committed reversible error by including in the verdict sheet a special interrogatory asking the jury whether the injured party had slipped

and fallen on ice in the grassy area or in the gravel courtyard/ parking area. The trial court has broad discretion in deciding whether to submit interrogatories to the jury (*see* CPLR 4111 [c]; *Lunn v County of Nassau*, 115 AD2d 457, 458 [1985]). The court believed that the special interrogatory asking, at the outset, whether the accident occurred in the grassy area or in the gravel courtyard/parking area, would help the jury focus on the foreseeability and reasonableness elements that followed in the next interrogatory as to whether defendants were negligent in maintaining their property. Examining the propriety of the verdict sheet's special interrogatory in the context of the court's charge (*see Szeztaye v LaVacca*, 179 AD2d 555 [1992]), we find the trial court did not improvidently exercise its discretion. Contrary to plaintiffs' contention, the special interrogatory, combined with the charge, did not mislead the jury into believing defendants' liability was contingent on the factual issue of where the accident took place. To the contrary, the court charged the jury that if it found defendants had not taken reasonable steps to maintain their property in a reasonably safe condition, it should proceed to the issue of liability for negligence regardless of whether the accident occurred on the grassy area or on the gravel driveway/courtyard area. Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.