■ EDWIN GOMEZ, Respondent, v NEW YORK CITY POLICE DE-
PARTMENT et al., Appellants, et al., Defendant. [924 NYS2d 362]—

Judgment, Supreme Court, Bronx County (Howard H. Sher-
man, J.), entered June 10, 2010, upon a jury verdict, awarding
plaintiff the principal sum of $700,000 as against the City de-
fendants-appellants, and bringing up for review an order, same
court and Justice, entered August 10, 2009, which denied de-
fendants' motion for a judgment notwithstanding the verdict or
a new trial and granted the alternative relief of setting aside
the verdict to the extent of ordering a new trial on damages for
past pain and suffering unless plaintiff stipulated to reduce the
award from $1.5 million to $700,000, unanimously modified, on
the facts, to vacate the award and order a new trial as to dam-
ages, unless plaintiff, within 30 days of service of a copy of this
order with notice of entry, stipulates to accept a reduced award
in the amount of $500,000 and to entry of an amended judg-
ment in accordance therewith, and otherwise affirmed, without
costs. Appeal from the aforesaid order, unanimously dismissed,
without costs, as subsumed in the appeal from the judgment.

The jury's finding that the off-duty police officer was acting
within the scope of his employment when he accidentally shot
plaintiff is supported by the evidence (see Cohen v Hallmark
Cards, 45 NY2d 493, 499 [1978]; Riviello v Waldron, 47 NY2d
297, 302-303 [1979]; Collins v City of New York, 11 Misc 2d 76,
78-79 [1958], affd 8 AD2d 613 [1959], affd 7 NY2d 822 [1959]).
This is not a case, such as those on which defendants rely, in
which the police officer attacked an individual for personal
reasons (see e.g. Pungello v City of New York, 18 AD3d 216

401

[2005]; *Pekarsky v City of New York*, 240 AD2d 645 [1997], *lv denied* 91 NY2d 806 [1998]).

The trial court properly determined which interrogatories to submit to the jury (*see Simone v McNamara*, 59 AD3d 349, 349-350 [2009]). Apart from plaintiff's testimony that he thought he heard the officer mumble "Russian Roulette," there is no evidence to support the theory that the shooting was intentional. Morever, if the jury had believed that the shooting was intentional, it could have answered the interrogatories accordingly.

Considering the trial in its entirety, we find that defendants received a fair trial. We note that the court sustained many of defense counsel's objections to plaintiff's counsel's comments and struck the comments.

The trial court properly precluded any reference to the officer's conviction of second-degree assault for shooting plaintiff, since the prejudicial effect of such evidence would have had far outweighed its probative value, if any.

We find the damages award excessive to the extent indicated. The evidence demonstrates that plaintiff was shot in the urethra and required surgery. Plaintiff was in the hospital for five days, required various catheter tubes, was unable to normally urinate and was unable to bathe himself. After he was discharged, he required a urine catheter for three or four weeks and was still unable to bathe himself. He was also unable to cook or clean for himself and was in pain. Nevertheless, we find that the past pain-and-suffering award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *compare Reed v City of New York*, 304 AD3d 1, 7 [2003], *lv denied* 100 NY2d 503 [2003]). Within two and one-half months of the shooting, plaintiff fully regained normal use of his urinary function. Within a few months later, plaintiff encountered no difficulty performing his work functions and his normal activities of walking, sitting and playing sports. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.