Mimi J. Vanderhorst, Appellant, v. Louis F. V. P. Vanderhorst, Respondent.

First Department, July 7, 1953.

*Benedict Ginsberg* for appellant.

*Kenneth H. Guild* of counsel (*Abberley, Kooiman & Amon,* attorneys), for respondent.

COHN, J. The appeal is from an order granting the motion of defendant to open his default in pleading to an action brought by plaintiff in this State for an annulment of their marriage, to permit him to serve an answer to the complaint, and to restore the cause to the calendar for trial on the merits.

The fraud alleged is that defendant concealed from plaintiff that he had entered into three previous marriages, that he was seriously ill, that he had been discharged from the Netherlands Merchant Marine and Army for illness and that he had concealed his true name.

After defendant's default, the action for annulment was referred to an Official Referee who conducted an uncontested hearing on October 21, 1952. The Referee found plaintiff entitled to an annulment and signed findings of fact and conclusions of law, but no effort was made by plaintiff to enter a judgment thereon.

Upon the papers submitted it would seem that defendant has a meritorious defense to each allegation of fraud alleged. He denies that he concealed from plaintiff his previous marriages

or that he made any false statement as to his true name. He also submits documentary proof to the effect that he was not discharged from the Netherlands Merchant Marine for a claimed serious illness; he asserts that he never was seriously ill.

Plaintiff and defendant resided as husband and wife in the city of Tacoma, Washington, where defendant was chief surgeon at the Cushman Indian Hospital. Two children who were born of the marriage now reside with plaintiff in the county of Westchester, State of New York.

Courts will not set aside a contract of marriage on the ground of fraud unless there be clear and convincing proof that there is fraud and that it is vital to the marriage relationship (*Woronzoff-Daschkoff* v. *Woronzoff-Daschkoff*, 303 N. Y. 506, 511; *Lapides* v. *Lapides*, 254 N. Y. 73, 80). It must be of such a nature as would have dissuaded the party defrauded from entering into the marriage. No fraud will void a marriage, which does not go to the very essence of the contract. A contract of marriage, as well as its dissolution, are matters in which the community is deeply concerned. This is particularly true where there are children. The State has a decided interest in the preservation of the marital relationship. In *Woronzoff-Daschkoff* v. *Woronzoff-Daschkoff* (*supra*, p. 512), DESMOND, J., said: "It would serve no purpose to repeat here what this court, and many another court, has said as to marriage being 'more than a personal relation between a man and woman', as to its being 'an institution involving the highest interests of society' and as to its control by law 'based upon principles of public policy affecting the welfare of the people of the State' (*Fearon* v. *Treanor*, 272 N. Y. 268, 272; see *Maynard* v. *Hill*, 125 U. S. 190, 205)."

It has repeatedly been held that the general rule in respect to opening defaults in ordinary actions is not to be applied so rigorously in a matrimonial action (*Milner* v. *Milner*, 281 App. Div. 666; *Price* v. *Price*, 228 App. Div. 796; *Mott* v. *Mott*, 134 App. Div. 569).

If the affidavit of defendant is to be believed, there would be no just basis for the entry of a judgment of annulment in this case. Though the default in pleading here was not inadvertent, in the public interest it should be opened. A further and added reason for opening this default is to be found in the fact that this defendant husband had commenced an action for absolute divorce against plaintiff wife in the State of Washington on April 14, 1952, by filing with the clerk of the court a complaint

upon which summons was issued and delivered to the Sheriff of Westchester County for service on plaintiff. Such service was not effected until July 24, 1952. Plaintiff did not appear in that action. Thereafter, the courts in the State of Washington granted defendant a decree of divorce from plaintiff.

In her affidavit in opposition to the motion to open the default in the annulment suit, plaintiff asserts that the decree obtained by defendant husband in the State of Washington, without personal service, was a fraudulent decree. If this be the fact, plaintiff wife will have ample opportunity in this State to attack the validity of the foreign decree. When defendant appears here in the annulment suit, plaintiff wife will be in a position to proceed against defendant to have declared null and void on the ground of fraud the divorce decree obtained in the State of Washington.

The validity of the divorce decree obtained against the mother in the State of Washington and of the proposed annulment decree sought against the father based on the ground of insanity should be fully tried out where, as here, the court will have jurisdiction of the parties. It may then determine on the merits for all time the marital status and whether either party is entitled to relief, and what the relief should be. (*Long* v. *Long,* 281 App. Div. 254, 258; *Pereira* v. *Pereira,* 272 App. Div. 281, 288.) For the reasons stated and on the facts disclosed, we may not say that Special Term abused its discretion in granting defendant's motion.

The order should be affirmed.

BERGAN, J. (dissenting). Plaintiff's New York action for annulment of marriage was commenced April 29, 1952, by personal service of the summons and complaint on the defendant. The complaint alleged fraud by the concealment from the plaintiff of defendant's three previous marriages; of his true name; of his discharge as a psychoneurotic from the Netherlands Army and Merchant Marine, and of the existence of mental illness.

Defendant defaulted in the New York action. After his default he commenced an action in the State of Washington for divorce. Process in that action was served on plaintiff's mother in New York, but not on plaintiff personally. A default judgment was granted in Washington October 24, 1952. Findings of fact and conclusions of law in plaintiff's New York action were signed by an Official Referee November 5, 1952. No judgment has yet been entered.

On November 17, 1952, the Special Term denied an application by defendant for permission " to serve and file an answer to the complaint ". Four days later, on November 21, 1952, an order to show cause was granted on this application of defendant for substantially the same relief, i.e., for an order opening his default and " permitting him to serve and file his answer to the complaint." That motion was granted January 5, 1953, and plaintiff appeals.

We consider that defendant's default in the New York action was intentional and conceived as a legal stratagem. His explanation for the default is disingenuous, putting it in a very favorable light, and the conclusion is hard to escape that some of the assertions which defendant makes to gain the favor of the court to relieve him of default are false.

Defendant's affidavit states that " The reason why " he " did not appear in this action, serve an answer and contest the action is because " he " had already commenced " an action in Washington for divorce. He states that he " commenced " the action " On or about the 14th day of April, 1952 " which would have been fifteen days before plaintiff's action was commenced.

But the proof of service of the pleading in defendant's Washington action for divorce against plaintiff, by the affidavit of the deputy sheriff who made that service, is that it was served on plaintiff by delivering it to plaintiff's mother at Larchmont on July 24, 1952 — over three months after defendant swears he commenced the action and long after he was in default in the present action. The facts stated in this affidavit are not controverted by defendant in the record before us and no explanation whatever is made by defendant in any further affidavit.

Defendant's affidavit of November 19, 1952, which was the basis of the order to show cause bringing on this motion, omitted to disclose to the court that two days previously the Special Term had denied a motion for substantially the same relief; and the affidavit of an attorney associated with the law firm representing defendant, sworn to November 20th, and read in support of the order to show cause, contains the bland assertion that " No previous application has been made for the relief herein sought."

The court follows generally a liberal policy in relieving parties of defaults in matrimonial actions, but we think this kind of a record offers no acceptable ground for excusing defendant from a calculated default.

The order should be reversed and the motion denied, with $20 costs and disbursements.

DORE, J. P., and CALLAHAN, J., concur with COHN, J.; BERGAN, J., dissents and votes to reverse, in opinion, in which BREITEL, J., concurs.

Order affirmed.　[See *post,* p. 835.]