■ MARTIN E. REVSON, Appellant, v. JULIE P. REVSON, Respondent.— Order, entered June 19, 1969, granting defendant's motion to vacate a default judgment of divorce to the extent of permitting her to serve and file her answer to the complaint herein, affirmed, without costs or disbursements to either party. The order appealed from permitted the decree of divorce to remain in effect pending the determination of the issues raised by the answer to be interposed. This action was brought under subdivision (5) of section 170 of the Domestic Relations Law, based upon plaintiff's allegation that two years had elapsed since a judgment of separation was awarded to defendant. At Special Term defendant, in order to show merit to her defense, relied upon the "unsettled state of the law, and * * * the absence of any Appellate Court decision interpreting the provisions of section 170 of the Domestic Relations Law." Subsequent to Special Term's decision in this matter, this court, in *Gleason* v. *Gleason* (32 A D 2d 402) held that subdivision (5) of section 170 of the Domestic Relations Law is not retroactive and does not extend to separation judgments which were entered prior to the effective date of that section's enactment. Hence, it now appears that there may be merit to defendant's position. The fact that defendant has not sufficiently established an adequate excuse for her default does not mandate denial of her motion. "It has repeatedly been held that the general rule in respect to opening defaults in ordinary actions is not to be applied so rigorously in a matrimonial action" (*Vanderhorst* v. *Vanderhorst*, 282 App. Div. 312, 314.) In that connection the court added: "Though the default in pleading here was not inadvertent, in the public interest it should be opened". This court also directed the opening of a default in *Munkacsi* v. *Munkacsi* (4 A D 2d 854) even though there it was "clear that the default * * * was not inadvertent". The dissenting opinion herein adverts to the fact that, if defendant is successful in this action, it may cause irreparable damage to an innocent third party, the second Mrs. Revson. Plaintiff's remarriage, which took place just two days after he obtained this default judgment, should not be a bar to defendant's right to litigate the issues in this case. Concur — Capozzoli, J. P., Tilzer and McNally, JJ.; Nunez, J., dissents in the following memorandum. I dissent. One cannot read this record without coming to the conclusion that defendant's default was not inadvertent but was premeditated, willful and deliberate. Approximately a period of seven months elapsed between the service of the summons and defendant's application to be relieved of her default. Her silence during this period was not due to any physical or mental disability. In point of fact, she retained counsel early in the litigation with limited authority to apply for an extension of her time to appear and answer. Counsel obtained such an extension of time. Defendant then left New York without then or thereafter bothering to ascertain the outcome of counsel's application in her behalf. The parties by separation agreement and judicial decree, have agreed upon the amount of support, custody of the children and participation in each other's estate. Plaintiff has remarried and to allow defendant to attack the judgment of divorce at this late date may cause irreparable damage to an innocent third party, the second Mrs. Revson. If the divorce decree is vacated plaintiff and his present wife will suffer humiliation; they will be subjected to ridicule and criticism — all without any possible benefit to defendant

except the possible appeasement of her vindictiveness. In permitting defendant to serve her answer after her deliberate default and after plaintiff's remarriage, Special Term erred. In the exercise of proper discretion the motion should have been denied. I therefore vote to reverse the order appealed from and to deny defendant's application *in toto*.