■ KATHLEEN TADDEO, Respondent, v ROBERT TADDEO, Appellant.—Order, Supreme Court, New York County, entered June 8, 1978, denying

defendant's motion to vacate his default and set aside an order of the court, entered April 17, 1978, on default, confirming a Referee's report and directing, *inter alia,* increased child support from $100 per month to $110 per week, a wage deduction of $160 per week ($110 for current child support as so increased and $50 for arrearages of, *inter alia,* child support) and counsel fees of $500, unanimously reversed, on the law and in the exercise of discretion, without costs and disbursements, defendant's motion granted and the matter remanded for a. new hearing on condition that defendant consent to a wage deduction order in the sum of $300 per month (for $100 current child support and $200 on account of child support arrears). Defendant, while *pro se,* defaulted in appearing at a hearing before a Special Referee directed by Special Term on plaintiff's motion for an increase of child support and other relief. The two notices sent to defendant by plaintiff's counsel simply informed defendant of the necessity to appear at a given time and place regarding this matter. Plaintiff subsequently moved to confirm the Referee's report and defendant untimely submitted papers in opposition, with the result that plaintiff's motion to confirm was granted on default. In moving to vacate his default in opposing plaintiff's motion to confirm the Referee's report and to set aside said order of confirmation, and to vacate the default before the Referee, defendant sets forth an excuse for his prior default at the hearing before the Special Referee, but does not delineate an excuse for his failure to timely oppose plaintiff's subsequent motion to confirm. In making the instant motion to vacate his two defaults, defendant has now retained counsel and is no longer *pro se.* In denying defendant's motion, Special Term rejected defendant's excuse for his default before the Referee and noted that no excuse was offered for the second default on the motion to confirm. While defendant's excuse for his defaults is inadequate, it does not necessarily follow that denial of his motion to vacate his defaults is mandated. As noted in *Price v Price* (52 AD2d 800): " 'It has repeatedly been held that the general rule in respect to opening defaults in ordinary actions is not to be applied so rigorously in a matrimonial action' *(Vanderhorst v Vanderhorst,* 282 App Div 312, 314)". (See, also, *Revson v Revson,* 33 AD2d 738.) The relief recommended by the Referee in his report as confirmed by Special Term, on default, appears somewhat unreasonable. We merely note as illustrative of apparent unreasonableness the fact that defendant's W-2 form demonstrated defendant's income to be approximately $16,000 in 1976, in contrast with plaintiff's allegation that defendant's income was $31,000 to $35,000. In addition to noting the foregoing, the Referee found that plaintiff earns approximately $15,000 per year. In light of the rationale delineated in *Matter of Boden v Boden* (42 NY2d 210), it is difficult without further elucidation to conclude that a proper determination was made. Defendant asserts that he made child support payments of $100 monthly until January, 1976, when he was laid off as a school teacher, and that he was thereafter refused permission to see his daughter despite a court order to the contrary. In this connection it is noted that by virtue of the confirmed Referee's report, defendant's visitation has been cut off based solely on plaintiff's assertion of violence displayed by defendant toward plaintiff's mother. Equitable considerations, coupled with the fact that defendant may well have a meritorious defense, warrant on this record affording defendant his day in court. However, in view of the fact that the defendant has apparently not paid any child support for a considerable length of time, we have determined to condition the grant of such relief on defendant's consenting to a wage deduction of $300 per month. Concur—Fein, J. P., Sullivan, Lane, Lupiano and Lynch, JJ.