■ EDWARD J. HAAS, Respondent, v CARLIE F. HAAS, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered March 23, 1981, granting plaintiff's motion and vacating a judgment of divorce entered by default against the plaintiff on October 29, 1980, reinstating plaintiff's complaint and directing that the parties appear for depositions and produce relevant books and records, reversed, on the law, the facts, and in the exercise of discretion, without costs and disbursements, the plaintiff's motion to vacate and set aside the judgment entered on October 29, 1980 is denied, said judgment is reinstated and the stay of the order appealed from pending determination of this appeal issued by this court is vacated. Plaintiff has not made a sufficient showing of an adequate excuse for the default to warrant setting aside the judgment of divorce entered by default against him on October 29, 1980. The excuse offered was "law office failure" which excuse is insufficient, especially when viewed against the history of procrastination disclosed in the record (see *Barasch v Micucci,* 49 NY2d 594, 599; 5 Weinstein-

Korn-Miller, NY Civ Prac, par 5015.04). Concur — Kupferman, Sullivan, Carro and Lupiano, JJ.

Murphy, P. J., dissents in part in a memorandum as follows: Historically, the First Department has been very liberal in opening defaults in matrimonial actions *(Vanderhorst v Vanderhorst,* 282 App Div 312). Even in those matrimonial cases where the default was not inadvertent or the excuse was not adequate, this Department has consistently opened the default in the public interest if merit is shown to the defaulting party's cause or defense. *(Munkacsi v Munkacsi,* 4 AD2d 854; *Revson v Revson,* 33 AD2d 738.) Even in those cases where merit was not demonstrated, the defaulter was even given an opportunity to renew upon more complete papers. *(Price v Price,* 52 AD2d 800.) This liberal approach to opening defaults has been followed most recently in *Taddeo v Taddeo* (72 NY2d 512). After the First Department's decision in *Taddeo (supra),* the Court of Appeals rendered its opinion in *Barasch v Micucci* (49 NY2d 594). The Court of Appeals stated, *inter alia,* that a party must (i) demonstrate a reasonable excuse for a default and (ii) show legal merit to the claim before a default will be opened under CPLR 3012 (subd [b]). The decision in *Barasch* does not represent a departure from the prior case law in this area but it is merely a reiteration of the two general requisites needed to open a default. (See, e.g., *Kriegsman v Rosenfeld,* 35 AD2d 693, app dsmd 29 NY2d 633.) Therefore, this court may still, as a matter of policy and discretion, open a default in a matrimonial proceeding in accordance with the principles set forth in the *Vanderhorst* case and its progeny. Upon this record, it is clear that the plaintiff has not provided a reasonable excuse for his default (i) in appearing at the continuance of his examination and (ii) in answering the defendant's motion to strike his complaint pursuant to CPLR 3126. Plaintiff lays the blame for the default upon his former attorney, Joseph P. Napoli. In a letter dated April 24, 1980, Napoli informed Justice Gomez that the defaults were due to "clerical error, mismailing and mistake". Law office failures of this type are not acceptable as a valid excuse for a default *(Sortino v Fisher,* 20 AD2d 25, 29). Despite the extended default of seven months, the plaintiff has made a prima facie showing that there is merit to his claim (in his complaint and affidavits) that the defendant has committed adultery with an individual named Joseph Galligan. First, a report of a private investigator states that the defendant was observed in a compromising position in a vehicle with an unidentified male. While this report is unsworn, it must be given some evidentiary value on the motion to vacate. Second, Galligan admits in an affidavit that the defendant resided for a period in a house that he owned. Third, the defendant and Galligan took a joint vacation in Arizona. There is an indication that Galligan rented a room one night in a Holiday Inn. On another evening, Galligan and the defendant purportedly stayed in separate bedrooms in a friend's house in Phoenix. While the evidence surrounding this joint vacation is very circumstantial, it does tend to buttress plaintiff's basic charge of adultery. The defendant and Galligan have denied in their affidavits that they have committed adultery. Explanations are also given to show that their relationship is entirely innocent. The proof at trial may, indeed, substantiate their version of the events. Nonetheless, upon this motion to vacate, this court should exercise its discretion and relieve the plaintiff of his default. In the absence of any apparent prejudice to the defendant, crucial matters, such as (i) divorce, (ii) alimony, (iii) child support, and (iv) custody should be decided upon the merits. However, as a condition for opening this default, plaintiff's former attorney, Joseph P. Napoli, will be required to pay costs of $1,500 to the defendant within 20 days after service of a copy of the order to be entered herein with notice of entry. The plaintiff will, as an additional condition for vacating the default, submit to further examination within 20 days after

service of that order. Thus, the order of the Supreme Court, New York County (Gomez, J.), entered March 23, 1981, should be modified by the imposition of the foregoing conditions, and, as modified, it should be affirmed. Should the conditions imposed not be satisfied within the time provided, then order reversed and motion to vacate denied.