■ ERWIN PEARL, INC., Respondent, v BURROUGHS CORPORATION, Appellant, et al., Defendant. — Order, Supreme Court, New York County (D. Vincent Cerrito, J.), entered August 10, 1982, which, *inter alia,* granted reargument

and, upon reargument, vacated the court's prior order, which dismissed the complaint, with prejudice, is reversed, on the law and the facts, and the prior order reinstated, with costs. In May, 1976, plaintiff Erwin Pearl, Inc. (Pearl) purchased from defendant Burroughs Corporation (Burroughs) a computer and the essential software programs. Pearl contends that, even though it received delivery of the computer, Burroughs allegedly never supplied the necessary software. As a result, in January, 1978 Pearl sued Burroughs for breach of contract, breach of warranty, negligence and fraudulent misrepresentation. After joining issue, Burroughs served interrogatories, and, by court order, filed April 26, 1978, Pearl was directed to answer them. Despite the court order, Pearl did not serve its responses until March 19, 1981, which was almost three years later. Upon the basis that Pearl's replies did not comply with the 1978 court order, Burroughs moved to dismiss the action, pursuant to CPLR 3216. Justice Shainswit granted that motion. Following the dismissal, plaintiff commenced a new action in July, 1981. A comparison of the 1978 complaint with the 1981 complaint shows little substantive difference between them. Subsequent to the joinder of issue, again Burroughs served Pearl with interrogatories. Almost four months elapsed this time before plaintiff served its answers. Since Burroughs deemed these answers as deficient as the earlier ones had been, it, therefore, moved to dismiss this new action. While this motion was pending, plaintiff, instead of submitting papers in opposition, simply served a supplemental set of responses to the interrogatories that differed very little from the previous responses. In a decision/order, entered June 17, 1982, the court wrote: "The history of these proceedings justif[ies] the decision of this court. Nowhere is there an affidavit of the plaintiff giving any explanation (not to mention justification) for the delay in responding to the interrogatories of defendant BURROUGHS. Responses have been long sought by defendant and this court concludes that the long delay since the responses were first sought by defendant (February 1978) *has caused prejudice to defendant.* Since plaintiff offers no explanation for this prejudicial delay, this court is compelled to dismiss the complaint *with* prejudice." (Emphasis in text.) Thereafter, the court granted Pearl's motion for reargument and, upon reargument, vacated its prior order. We disagree and find an abuse of discretion. Review of Pearl's papers discloses no relevant reason for its inordinate delay in responding to the interrogatories. Only an attorney's affirmation supports the motion and that attorney does not claim to have personal knowledge of the facts. This type of attorney affirmation "has no probative value" (*Di Sabato v Soffes,* 9 AD2d 297, 301). Pearl "has not made a sufficient showing of an adequate excuse" (*Haas v Haas,* 84 AD2d 702). We cannot overlook Pearl's extended default in carrying out its responsibilities as a litigant. This default has unfairly hampered Burroughs' preparation of a defense. Concur — Sullivan, Ross, Carro and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. There was a rational basis for granting the motion for reargument and, upon reargument, vacating the prior order. Upon reargument, the court at Special Term stated: "Motion for reargument is granted; the order of this court filed on June 17, 1981 is vacated, and the recommendations of the Special Master are confirmed." The recommendations of the special master are set forth in a letter from counsel for the defendant-appellant to the Justice at Special Term, in which letter counsel for the appellant asks that the special master's recommendation be rejected. The court at Special Term did not abuse its discretion in accepting the special master's recommendation. At most, in view of the delays by prior counsel for the plaintiff, there might be costs assessed against the plaintiff, but to dismiss the complaint with prejudice is in itself an abuse of discretion.