■ SHEILA KELLY, an Infant, by Her Parent and Natural Guardian, MARGARET KELLY, et al., Respondents, v AMERICAN INTERNATIONAL HEALTH FACILITIES, INC., et al., Defendants, and

UNION CARBIDE CORPORATION, Appellant. MARYANN CALISE, an Infant, by BARBARA BROWNE, Her Mother and Natural Guardian, et al., Respondents, v AMERICAN INTERNATIONAL HEALTH FACILITIES, INC., et al., Defendants, and UNION CARBIDE CORPORATION, Appellant. — Order, Supreme Court, Bronx County (Louis Fusco, Jr., J.), entered February 3, 1984 in the action entitled *Kelly v American Int. Health Facilities* (hereafter action No. 1), which granted the plaintiffs' motion for an extension of time to comply with a prior conditional order of preclusion to the extent of directing the defendant Union Carbide Corporation to accept the belatedly served supplemental bill of particulars and denied the said defendant's cross motion for summary judgment, is unanimously affirmed, without costs.

Order, Supreme Court, Bronx County (Louis Fusco, Jr., J.), entered March 20, 1984 in action No. 1, which denied Union Carbide's motion to preclude the plaintiffs from offering any evidence at trial with respect to any alleged physical defect in the liquid oxygen cylinder, is unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, and the motion to preclude is granted.

Order, Supreme Court, Bronx County (Louis Fusco, Jr., J.), entered March 20, 1984 in the action entitled *Calise v American Int. Health Facilities* (hereafter action No. 2), which conditionally granted defendant Union Carbide's motion to preclude the plaintiffs from offering any evidence at trial with respect to the said defendant's alleged negligence and for summary judgment, unless the plaintiffs served a proper response to item 4 of the defendant's demand within 10 days after service of the order, is unanimously affirmed, without costs.

Order, Supreme Court, Bronx County (Louis Fusco, Jr., J.), entered April 23, 1984 in action No. 2, which denied Union Carbide's motion to preclude the plaintiffs from offering evidence at trial with respect to the alleged physical defect in the liquid oxygen cylinder, is unanimously reversed, to the extent appealed from, on the law, on the facts and in the exercise of discretion, and motion granted, without costs.

These two cases, seeking damages for injuries to the infant plaintiffs, arise from the same occurrence. Union Carbide's appeals from the above orders relate to identical issues, were heard together and therefore are disposed of jointly.

In the *Kelly* action (action No. 1), prior to the expiration of the 10 days within which they had been ordered to furnish a further bill of particulars to Union Carbide or suffer preclusion, plaintiffs moved for a further extension of time within which to serve the bill. While that motion was *sub judice,* the further bill was

served. In the order of February 3, the court noted that the bill had been served, found the bill to be sufficient and directed the defendant to accept it. The court further noted that defendant had not been unduly prejudiced by the delay. We find no error in this determination. (Cf. *Erwin Pearl, Inc. v Burroughs Corp.*, 98 AD2d 619.)

In the *Calise* action (action No. 2), on at least three prior occasions the plaintiffs had been ordered to serve a bill of particulars that was responsive to items in Union Carbide's demand respecting its alleged negligence. However, none of these prior orders directed that plaintiffs would be precluded upon default in compliance. When Union Carbide again moved against the plaintiff's latest further bill, the court noted that the response to item 4 was virtually identical to that contained in the original bill that had been found to be defective. Thus, the court granted conditional preclusion unless a further responsive bill was served within 10 days. Plaintiffs then timely served a further bill in which the response to item 4 was identical to that in the *Kelly* bill which the court had previously found to be sufficient.

The injuries sustained by the infant plaintiffs in both these actions are alleged to have resulted from their being burned by flaming liquid oxygen that apparently came from a tank or cylinder manufactured by Union Carbide. The *Kelly* plaintiffs charge Union Carbide generally with negligence, breach of warranty and strict products liability. They also contend that there were manufacturing and design defects in the liquid oxygen cylinder. The *Calise* plaintiffs assert similar claims except that they did not plead causes of action in breach of warranty and strict products liability. Nevertheless, in both cases in response to Union Carbide's demand, the bills of particulars allege generally that the cylinder was "defective"; that it did not have a "proper valve and pressure gauge"; that it was "negligently designed, manufactured and tested". Such allegations are insufficient to adequately inform Union Carbide as to the specific nature of the defect complained of or nexus of such defect to plaintiffs' alleged injuries (*Cornachio v General Motors Corp.*, 63 AD2d 941; *Bell v Toyota,* 64 AD2d 585; *Nelson v New York Univ. Med. Center,* 51 AD2d 352). This failure of specification has persisted through three bills of particulars served by the *Kelly* plaintiffs and four served by the Calises. That it continues even after an inspection of the cylinder may well reflect doubtful merit to the claims of product defect. (*Jawitz v British Leyland Motor,* 42 AD2d 536.) Therefore, preclusion is warranted. Concur — Sandler, J. P., Sullivan, Carro, Milonas and Alexander, JJ.