■ MARIA T. FUENTES, Respondent, v 2254 REALTY Co., INC., Appellant.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered June 27, 1988, which denied defendant-appellant's motion to dismiss the complaint for want of prosecution, unanimously reversed, on the law, and the motion granted with leave to plaintiff-respondent to move within 30 days to vacate the dismissal, without costs.

Plaintiff-respondent failed to meet her burden of establishing a meritorious cause of action by submission of an affidavit from one with personal knowledge of the underlying facts. Issue was joined in June 1985 and after no response to the demand for a bill of particulars was received, defendant-appellant served a 90-day notice in September 1987. Respondent failed to file a note of issue within the 90-day period. In opposition to appellant's motion to dismiss, respondent's counsel affirms that he received a bankruptcy court notice of intended sale of appellant's real property dated June 13, 1985. Upon receipt of the 90-day notice from appellant, he contacted appellant's counsel and was told that someone would get back to him. He heard nothing from appellant's counsel until he received notice of the motion herein. Counsel maintains that respondent was never notified of the termination of the automatic stay of proceedings against appellant arising out of the bankruptcy action.

Although respondent has shown a valid excuse for the delay, she has failed to submit an affidavit of merit from one with knowledge of the underlying facts supporting her claim of negligence as required by CPLR 3216 (e). The affirmation of respondent's counsel, who does not claim to have personal knowledge of the facts, is inadequate. Consequently, the court erred in denying appellant's motion (Erwin Pearl, Inc. v Burroughs Corp., 98 AD2d 619, 620 [1st Dept 1983], affd 62 NY2d 1031 [1984]; Cavac Compania Anonima Venezolana v Stanley, 12 AD2d 461 [1st Dept 1960]). Concur—Sullivan, J. P., Ross, Asch, Rosenberger and Ellerin, JJ.