■ MALCOLM STOKES et al., Respondents, v BENJAMIN McKEITHAN, Appellant.—Order unanimously reversed on the law without costs, motion granted, and complaint dismissed. Memorandum: Plaintiffs commenced this action in October 1983, seeking damages for personal injuries suffered in an automobile accident. On November 14, 1983, defendant served an answer, a demand for a bill of particulars, and a notice for discovery and inspection. No action was taken by plaintiffs. On August 15, 1988, defendant served, by certified mail, a 90-day notice. Plaintiffs neither complied with the demand nor moved for an extension of time within which to comply (see, Carte v Segall, 134 AD2d 397, 398). By notice of motion dated November 6, 1989, defendant moved to dismiss plaintiffs' action for lack of prosecution. In a responding affirmation, plaintiffs' attorney stated that he never received the 90-day demand, and further affirmed that on October 4, 1989, plaintiffs had served upon defendant their bill of particulars and further complied with defendant's demands for discovery and inspection. Supreme Court denied defendant's motion. We reverse.

To avoid dismissal, a plaintiff who has failed to comply with a 90-day demand must provide a justifiable excuse for the delay and a showing of merit by one who has personal knowledge of the facts (see, Papadopoulas v R.B. Supply Corp., 152 AD2d 552, 553; Fuentes v 2254 Realty Co., 151 AD2d 355). Here, plaintiffs failed to do either.

Plaintiffs failed to submit an affidavit of merit, and the complaint and the bill of particulars, verified by an attorney with no personal knowledge of the facts, are insufficient to serve this purpose (see, Duqmaq v Stewart, 137 AD2d 653, lv denied 71 NY2d 806; cf., Salch v Paratore, 60 NY2d 851, 853, rearg denied 61 NY2d 759).

Plaintiffs' counsel offered no reason for the failure to respond to defendant's demand for a bill of particulars for almost six years. Although plaintiffs' attorney stated that he had not received the 90-day demand, defendant demonstrated by affidavit of service that such demand, a copy of which was presented to Supreme Court, was mailed by certified mail to plaintiffs' attorney's correct business address on August 15, 1988. Under these circumstances, defendant's motion to dismiss should have been granted. (Appeal from Order of Supreme Court, Nassau County, Murphy, J.—CPLR 3216.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.