■ In the Matter of Ercilia Delaoz, Respondent, v Modesto Delaoz, Appellant. [700 NYS2d 679] —Order, Family Court, New York County (Susan Larabee, J.), entered on or about September 11, 1997, which, in a support proceeding under Family Court Act article 4, denied respondent's objections to a Hearing Examiner's order denying his motion to vacate an order made upon his failure to appear at a hearing, unanimously affirmed, without costs.

The record, which shows that the hearing was adjourned to July 9, 1997 rather than July 10, 1997 in accordance with respondent's expressed preference, amply justifies Family Court's rejection of respondent's claim that he failed to appear on July 9 because he mistakenly believed the hearing had been scheduled for July 10 on the ground that he was not credible. We would also note respondent's well-established penchant for missing court dates (*see, Haas v Haas*, 84 AD2d 702), as well as his failure to submit an affidavit of merit. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.

■ The People of the State of New York, Respondent, v Alciabiades Perez, Appellant. [700 NYS2d 677] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 21, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's motion for a trial order of dismissal failed to preserve his venue claim sufficiently (*see, People v Greenberg* 89 NY2d 553, 556; *People v Pilgrim*, 52 NY2d 730), and we decline to review it in the interest of justice. Were we to review this claim, we would find that evidence that the crime occurred at a particular location that is indisputably within Bronx County was sufficient to establish venue (*see, People v Peterson*, 194 AD2d 124, 127, *lv denied* 83 NY2d 856; *People v Groom*, 188 AD2d 674, 675).

The court's *Sandoval* ruling, allowing the prosecution to inquire into a prior Federal conviction for possession of narcotics with intent to distribute while precluding inquiry into its underlying facts, was a proper exercise of discretion that struck an appropriate balance between the probative value of defendant's prior conviction and the risk of unfair prejudice to him (*see, People v Walker,* 83 NY2d 455; *People v Pavao*, 59 NY2d 282, 292). Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.