Matthew J. Jasen, J.
This is a motion by defendant for an order to set aside a decree of divorce granted against her and to allow an answer to be interposed.
The parties were married in 1953. A child was born in 1954 and another in 1955. The plaintiff, a member of the United States Army, was on overseas duty from May, 1956 to November, 1957. A third child was born to the defendant on May 3, 1958. A decree of divorce by default was granted plaintiff *995 husband April 28,1960 and he remarried December 3 of the same year. There was a child born of this second marriage.
One of the reasons the defendant urges the court to vacate the decree is that she was not personally served with the summons and complaint. This contention deserves little consideration. Her own affidavit in addition to the affidavits of the attorney who was present at the time service was made and the process server, a legal stenographer for another attorney, clearly negates this contention. From the proof presented, it is clear that the defendant was properly served and that she at all times understood the contents and the effect of the summons and complaint.
The defendant further argues that she was not advised of her right to defend the action, although she had two meritorious defenses, namely, condonation and an act of adultery committed by the plaintiff which she sets forth in her proposed answer.
This court is aware of and in agreement with the liberal policy adopted by our courts in vacating default decrees in matrimonial actions. However, it is interesting to note the number of such cases in point that were decided by divided courts (Quaid v. Quaid, 2 A D 2d 768 ; Vanderhorst v. Vanderhorst, 282 App. Div. 312). The prevailing view appears to be that the facts of the individual case must, subject to the above generalization, determine the issue, and, in arriving at such a determination the criteria must be the equities existing.
In the present case, the alleged condonation and act of adultery by plaintiff were wholly within the defendant’s knowledge as her own affidavit clearly sets forth. She had ample time to interpose an answer or to vacate the decree during the interlocutory period. However, the defendant completely failed to avail herself of these defenses and did not make this motion until eight and one-half months after the final decree was entered.
It is the opinion of this court that the defendant was fully aware of the effect of her default and that she, in fact, participated in bringing it about.
The court is also aware of the decisions of the Appellate Division, Fourth Department, in Gioia v. Gioia (245 App. Div. 373) ; Furst v. Furst (275 App. Div. 991) wherein the court held laches to be a bar to motions for similar relief sought therein. Accordingly, this motion is denied.