■ CECELIA KRUPINSKI, Appellant, v. BERNARD KRUPINSKI, Respondent.— In an action by a wife for divorce, in which, on the defendant's default, an interlocutory judgment in plaintiff's favor had been entered and had become final as of course; and in which plaintiff thereafter moved to punish defendant for contempt by reason of his failure to make the payments of $35 per week for the children's support, as directed by the judgment; and in which defendant made a cross motion to open his default and to vacate the judgment, the plaintiff appeals from an order of the Supreme Court, Suffolk County, dated September 4, 1963: (a) which *conditionally* granted the defendant's cross motion to the extent of vacating his default, permitting him to interpose an answer containing only the defense of plaintiff's adultery and directing that the action be restored to the calendar for trial upon a specified date — the conditions being that the judgment shall remain in force pending final determination, that defendant shall comply with the judgment by paying all the arrears and making the current payments due under the judgment and that defendant shall pay plaintiff a counsel fee of $150; and (b) which denied plaintiff's motion to punish defendant for contempt unless he failed to comply with the conditions stated, in which event the plaintiff's motion was granted. Order reversed, without costs, and motion and cross motion remitted to Special Term: (a) for a hearing and the taking of proof as to defendant's knowledge of the plaintiff's marriage to Fred Ackley in New Jersey on October 26, 1962; and (b) for a determination *de novo* not inconsistent herewith. The defendant defaulted in appearing or answering in the action for divorce brought by the plaintiff. An interlocutory judgment was entered on October 17, 1962. The plaintiff married one Fred Ackley in New Jersey on October 26, 1962. She claims that the marriage was not consummated and that she did not cohabit with Ackley, having been informed by her attorney immediately thereafter that the marriage was invalid. There is evidence that on December 17, 1962, the defendant's attorney knew of plaintiff's marriage to Ackley. On January 23, 1963, after the judgment of divorce became final, plaintiff again married Ackley. On April 29, 1963, plaintiff moved to punish the defendant for contempt for his failure to comply with the provisions of the judgment requiring him to make support payments to the plaintiff on behalf of their three children in plaintiff's custody. The defendant cross-moved for relief, either (1) opening his default and permitting him to interpose an answer on the

ground of plaintiff's alleged adultery or (2) reducing the amount of the support payments. Although in opening a default of a party in a matrimonial action, the discretion of the court is exercised liberally (*Price* v. *Price*, 228 App. Div. 796; *Gangloff* v. *Gangloff*, 274 App. Div. 1068), nevertheless the rule is that the laches of the defaulting party and the intervention of the rights of third parties may defeat such party's claim to relief (*Gioia* v. *Gioia*, 245 App. Div. 373; *Hamilton* v. *Hamilton*, 29 App. Div. 331; *Whittley* v. *Whittley*, 60 Misc. 201; *Coleman* v. *Coleman*, 28 Misc 2d 994; 4 Pomeroy, Equity Jurisprudence [5th ed.], § 1442). Whether such rule should be invoked against this defendant so as to bar him from obtaining relief depends upon whether he had knowledge of the plaintiff's invalid marriage to Ackley in New Jersey; and if defendant did, the date when he acquired such knowledge. A hearing is necessary to ascertain all the facts bearing upon defendant's knowledge of the invalid marriage. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.