■ MARTHA MAGGIO et al., Respondents, v. MID-HUDSON CHEVROLET, INC., Appellant.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, defendant appeals from (1) an order of the Supreme Court, Dutchess County, dated December 31, 1968, which denied its motion (a) to set aside a jury verdict of $50,000 for the injured plaintiff and $60,000 for her husband, the coplaintiff, and (b) to direct judgment in its favor or, in the alternative, for a new trial, and (2) a judgment of the same court dated January 8, 1969 in favor of plaintiffs upon the verdict. Judgment reversed, on the law, and new trial granted. The questions of fact have not been considered. Appeal from order dismissed. An order denying a motion for a new trial, etc., made only on the trial minutes, is not appealable; further, this appeal is academic, in view of the determination herein upon the appeal from the judgment. One bill of costs, to cover both appeals, is allowed, to abide the event of the new trial. In our opinion, it was prejudicial error for the trial court, over objection by defense counsel, to charge as it did on the issue of contributory negligence, particularly when that portion of the charge was repeated in response to a question by the jury during its deliberation. In pertinent part, the portion which we find objectionable was as follows: "If you find that plaintiff was negligent and that her negligence was a *substantial factor* in producing her injury, your verdict will be for defendant, even though you find that the defendant was also negligent. If you find that plaintiff was not negligent, or that though she was, her negligence was not a *substantial factor* in producing her injury and you further find that defendant was negligent and that its negligence was a *substantial factor* in causing plaintiff's injury, your verdict will be for the plaintiff. Negligence, however slight, of the plaintiff will be sufficient to bar recovery by her provided her negligence is a *substantial factor* in causing her injury " (emphasis added). The situation at bar is almost identical to that in *Bacon v. Celeste* (30 A D 2d 324), where the First Department, in reversing a judgment for the plaintiff and directing a new trial, noted that the trial court's emphasis on the word "substantial" could permit the jury to conclude that the plaintiff's negligence would defeat her right to recovery

only if it were substantial in degree, which conclusion is contrary to the settled law of New York on contributory negligence. There, as here, the trial court denied a request by the defendant to charge that negligence of the plaintiff, no matter how slight, was sufficient to bar recovery. We think that under the circumstances here, where the question of contributory negligence was such a close one, the charge was so unclear (and the jury's request for clarification seems to confirm this) as to preclude proper consideration by the jury. In our opinion, it was also error for the trial court to permit plaintiff's daughter to testify to a statement, allegedly made to her following the accident, by defenlant's service manager. The testimony was admitted as an exception to the hearsay rule, namely, an admission by an agent. However, despite the fact that his testimony on an examination before trial had been taken, there was no proof whatsoever adduced at the trial by plaintiffs as to the type or scope of the duties performed and responsibility exercised by this agent, and no proof that he had been authorized to make statements on defendant's behalf (see *Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203, 206; Richardson, Evidence [9th ed.], § 329). Without such proof, the jury should not have been permitted to decide whether the agent was acting within the scope of his authority. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.