■ MARY A. RIZZO, Respondent, v PETER RIZZO, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Kings County, dated June 11, 1975, which denied his motion to vacate a judgment of divorce entered upon his default. Order modified, by adding thereto, after the provision that the motion is "denied", the following, "except that (1) the motion is granted to the extent of reopening the question of alimony and directing a reassessment thereof, with leave to defendant to participate and offer evidence thereon, subject to the conditions (a) that the judgment remain in full force and effect unless and until vacated after reassessment and (b) that defendant comply fully with the said judgment in the interim; and (2) in the event that, after trial, alimony is fixed in a lesser amount, defendant shall be credited with the difference." As so modified, order affirmed, without costs. Under the liberal policy of vacating defaults in matrimonial actions *(Vanderhorst v Vanderhorst,* 282 App Div 312; see, also, *Harris v Harris,* 35 AD2d 894; *Krupinski v Krupinski,* 20 AD2d 719), the circumstances at bar warrant the reopening of the judgment to the extent, and under the conditions, here indicated (see *Schutzer v Berger,* 40 AD2d 725; *Kerr v Kerr,* 6 AD2d 807; *Sabbeth v Sabbeth,* 146 NYS2d 722). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ ALLEN ROBINSON, an Infant, by His Father and Natural Guardian, SIMON ROBINSON, et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of Supreme Court, Kings County, entered May 10, 1973, in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiffs' case. Appeal, insofar as it is against the defendant city, dismissed without costs. Plaintiffs consented to the dismissal as against that defendant. As between plaintiffs and the defendant board of education, action severed and judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact questions were presented on this appeal. The possibly unintentional act by a 13-year-old boy of placing his hand in the hinge side of a doorjamb, which resulted in the crushing of his hand when the door was closed by means which are not altogether clear, is not contributory negligence *as a matter of law.* The jury should have had an opportunity to consider whether, under the circumstances, that act was contributorily negligent (cf. *L'Hommedieu v Delaware, Lackawanna & Western R. R. Co.,* 258 Pa 115; *Shaller v J. & J. Realty Co.,* 244 App Div 750). Plaintiffs made out a sufficient case of negligence to go to the jury. However, the trial court correctly ruled inadmissible the purported admissions of a former teacher, not present at the trial, that he had closed the door on plaintiff's hand. There was no showing that the teacher was authorized to make any admissions or other statements (see *Prado v Onor Oscar, Inc.,* 44 AD2d 604; *Maggio v Mid-Hudson Chevrolet,* 34 AD2d 567). Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.