■ HELEN RUTLEDGE, Respondent, v RICHARD RUTLEDGE, Appellant.— In a matrimonial action, defendant appeals from (1) stated portions of an order of the Supreme Court, Queens County, dated October 19, 1976, which, *inter alia,* adjudged him in contempt of court for failing to pay a counsel fee which had been awarded plaintiff in connection with her obtaining of a judgment of divorce upon defendant's default in appearing and (2) a further order of the same court, dated January 25, 1977, which, *inter alia,* denied, without prejudice to renewal, his motion to vacate the judgment of divorce and for leave to serve an answer. Order dated January 25, 1977 modified by deleting the first decretal paragraph thereof and substituting therefor a provision granting the motion to the extent of vacating so much of the judgment of divorce as awarded plaintiff alimony, child support and a counsel fee. As so modified, order affirmed, without costs or disbursements, and action remitted to Special Term for a prompt hearing as to the financial needs of plaintiff and her infant children, including reasonable counsel fees, and as to the financial situation of both parties, and for the entry of an appropriate amended judgment. Pending the new hearing and determination, defendant is to comply with the alimony and child support provisions of the judgment, as amended by the order dated October 19, 1976, which reduced child support payments on the ground that two of the parties' children had attained their majority. Order dated October 19, 1976 reversed, insofar as appealed from, without costs or disbursements, and plaintiff's motion denied, with leave to renew at the hearing herein ordered. Under the liberal policy of vacating defaults in matrimonial actions *(Vanderhorst v Vanderhorst,* 282 App Div 312; see, also, *Harris v Harris,* 35 AD2d 894; *Krupinski v Krupinski,* 20 AD2d 719), the circumstances at bar warrant the reopening of the judgment to the extent, and under the conditions, here

indicated (see *Rizzo v Rizzo,* 50 AD2d 915). At the hearing, Special Term should also determine whether, in the light of defendant's circumstances, his failure to comply with the judgment was willful. Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.