■ ANGELA PISANO, Respondent, v SALVATORE PISANO, Appellant.—In a matrimonial action in which the plaintiff wife was granted a judgment of divorce on the ground of cruel and inhuman treatment upon the default of defendant, defendant appeals from an order of the Supreme Court, Queens County, dated May 2, 1978, which, without a hearing, denied his motion to vacate the judgment of divorce. Order modified by adding thereto, immediately after the provision that the motion is "denied", the following: "except that defendant shall be accorded a hearing at which he may appear and offer evidence on the limited question of whether the 'stipulation' of settlement upon which Special Term relied in fixing the economic provisions of the judgment of divorce should be vacated on the ground of fraud, collusion, mistake, accident or other similar good cause." As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for an immediate hearing in accordance herewith. In view of our liberal policy with respect to vacating defaults in matrimonial actions (*Levy v Levy,* 67 AD2d 998; *Hewlett v Hewlett,* 63 AD2d 977), even where only limited relief may be warranted (see, e.g., *Rutledge v Rutledge,* 60 AD2d 646; *Rizzo v Rizzo,* 50 AD2d 915), it is our belief that under the circumstances of this particular case and in view of the serious nature of defendant's allegations concerning his execution, without the benefit of independent counsel, of the totally one-sided stipulation of settlement (which stipulation was incorporated but not merged into the judgment of divorce), it was improper for Special Term to have denied his motion on the basis of conflicting affidavits without first conducting an evidentiary hearing (see *Christian v Christian,* 42 NY2d 63; *Perlmutter v Perlmutter,* 65 AD2d 601). As the Court of Appeals stated in *Christian v Christian (supra,* p 72): "Agreements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith (*Ducas v Guggenheimer,* 90 Misc 191, 194-195, affd *sub nom. Ducas v Ducas,* 173 App Div 884). There is a strict surveillance of all transactions between married persons, especially separation agreements (*Hendricks v Isaacs,* 117 NY 411, 417, *supra; Benesch v Benesch,* 106 Misc 395, 402; 2 Lindey, Separation Agreements and Ante-Nuptial Contracts [rev ed], § 37, subd 4, p 37-9)." The agreement at bar, having been entered into *prior* to the commencement of the instant matrimonial action and in contemplation thereof, is not significantly different for present purposes, from the separation agreement involved in *Christian,* and was, in fact, specifically denominated as such by plaintiff's counsel, the author of the agreement, in his affidavit in opposition to the defendant's motion. In view of the apparent unfairness of the underlying agreement, it is our belief that defendant is entitled to be heard concerning his allegations of misconduct regarding its execution and that he should be accorded a meaningful opportunity of demonstrating "good cause" for its vacatur (see *Christian v Christian, supra; Perlmutter v Perlmutter, supra;* cf. *Stiber v Stiber,* 65 AD2d 758). If, in fact, it should ultimately be established that the stipulation of settlement must be vacated, it would then be appropriate for Special Term to reopen so much of the judgment of divorce as was predicated upon its terms (i.e., its economic provisions), and permit the defendant to appear and be heard on those issues (see *Rutledge v Rutledge, supra; Rizzo v Rizzo, supra).* This determination shall not affect so much of the judgment as granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment. Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.