■ ELAINE COCCHIA, Respondent, v JOSEPH COCCHIA, Appellant.—In a

matrimonial action in which the plaintiff wife was granted a judgment of divorce on the ground of cruel and inhuman treatment upon the default of defendant, defendant appeals from an order of the Supreme Court, Queens County, entered January 30, 1979, which, without a hearing, denied his motion to vacate the judgment of divorce. Order modified by adding thereto, immediately after the provision that the motion is "denied", the following: "except that defendant shall be accorded a hearing at which he may appear and offer evidence on the limited question of the propriety of the economic provisions of the judgment of divorce subject to the conditions that (a) all provisions of the judgment remain in full force and effect unless and until vacated after the hearing and (b) the defendant forthwith comply with the economic provisions of the judgment." As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for an immediate hearing in accordance herewith. The liberal policy of this court with respect to vacating defaults in matrimonial actions *(Pisano v Pisano,* 71 AD2d 670; *Levy v Levy,* 67 AD2d 998; *Hewlett v Hewlett,* 63 AD2d 977), even where only limited relief is available *(Rutledge v Rutledge,* 60 AD2d 646), requires that defendant be afforded a hearing concerning his allegations as to the respective financial capacities of himself and plaintiff. Should it be established that the provisions for alimony and child support are onerous, then Special Term should vacate those provisions of the judgment. However, such a determination would not affect the provisions of the judgment which granted plaintiff a divorce on the ground of cruel and inhuman treatment. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.