■ DANIEL M. ANTONOVICH, Respondent, v MIRA ANTONOVICH, Appellant. — In a matrimonial action, defendant appeals from an order of the Supreme Court, Queens County (Giaccio, J.), dated May 6, 1981, which denied her motion, inter alia, to vacate a judgment of divorce entered, upon her default, on September 10, 1980. Order reversed, with $50 costs and disbursements, and motion is granted only to the extent that the judgment of divorce is vacated, and is otherwise denied. The fact that the defendant has not sufficiently established an adequate excuse for her default does not mandate denial of her motion (Price v Price, 52 AD2d 800). "It has repeatedly been held that the general rule in respect to opening defaults in ordinary actions is not to be applied so rigorously in a matrimonial action" (Vanderhorst v Vanderhorst,

282 App Div 312, 314). It is clear that the default in this case was neither intentional nor willful. If the affidavit of defendant is to be believed, there would be no just basis for the entry of a judgment of divorce on the ground of abandonment in an action commenced five days prior to the effective date of the Equitable Distribution Act. Plaintiff has shown no prejudice resulting to him from the default, no extensive delay resulting therefrom, nor any basis for disregarding the strong public policy that actions should be disposed of on the merits (see *Oloff v Oloff,* 54 AD2d 584). In view of the circumstances surrounding the default and the fact that this action would finally determine the matrimonial status of the parties and custody of the parties' only child, it should not be disposed of on default. Accordingly, the default should be opened in the interest of justice. Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.