OPINION OF THE COURT
Arthur D. Spatt, J.
. The concept of equitable distribution (Domestic Relations Law, § 236, part B) involving unique elements of law, has spawned a plethora of litigation. The instant motion in this equitable distribution action raises the following issue: the special need for financial discovery in such action as balanced against the application of the “usual” strict statement of readiness rule. Specifically, defendant husband seeks an order granting him leave to conduct an oral deposition of the plaintiff wife seven months after the filing of a statement of readiness.
BACKGROUND
This is an action for a separation and ancillary equitable distribution relief in which defendant has interposed a counterclaim for divorce. An examination before trial of the defendant was conducted on or about September 2, 1981. At that time, prior counsel for defendant failed to seek a deposition of plaintiff. Present counsel for defendant were formally substituted on October 9, 1981.
Plaintiff opposes the application on the ground that the note of issue was filed on or about August 4,1981, and that the defendant has failed to indicate any “unusual or unanticipated circumstances” that would permit discovery seven months after the filing of the statement of readiness. !
*592 DETERMINATION
Generally, in order to effectuate the purposes of the statement of readiness rule, it must be strictly enforced. (Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Co'rp., 74 AD2d 734.) Only where there aré present “special, unusual or extraordinary circumstances” spelled out factually, will discovery be permitted after the statement of readiness has been filed. (74 AD2d 734.)
However, in a matrimonial action, the statement of readiness rule must be viewed with an awareness of the vital need for financial discovery. An equitable distribution case requires “complex and comprehensive financial disclosure”. (Myers v Myers, 108 Misc 2d 553, 554.)
A practical problem arises in the trial of equitable distribution actions where parties have not taken oral depositions. A party who has not had the benefit of an oral deposition endeavors to avail him or herself of discovery in the midst of trial. By use of the subpoena, and the notice to produce, witnesses and records are often examined at trial in laborious detail. In such case, the Trial Justice finds it necessary to balance, on the one hand, the rights of the parties to a full and fair hearing — giving each the opportunity to present all financial evidence, with his duty to preside over an orderly and expeditious trial. In order to comply with the complex provisions of part B of section 236 of the Domestic Relations Law and resolve the financial issues in accordance with the many factors specifically set forth in the statute, Trial Justices have been compelled to permit what is, in effect, midtrial de facto “pre-trial” depositions. How much more expeditious and efficient the trial mechanism would be if discovery was completed prior to the trial.
Courts have long recognized the need for departing from general rules in matrimonial actions. In view of the fact that matrimonial actions determine not only the interfamilial rights and obligations of husband and wife, but also issues of custody and the myriad of interwoven financial problems, our courts have afforded special treatment in the field of “defaults”. Thus, in matrimonial actions, the general rule with respect to opening defaults is not applied, and default judgments have been vacated even where the *593 default was willful. (See Antonovich v Antonovich, 84 AD2d 799; Daly v Daly, 74 AD2d 814; Pisano v Pisano, 71 AD2d 670; Levy v Levy, 67 AD2d 998; Price v Price, 52 AD2d 800; Kerr v Kerr, 6 AD2d 807; Munkacsi v Munkacsi, 4 AD2d 854; Vanderhorst v Vanderhorst, 282 App Div 312.)
This liberal policy with respect to vacating defaults was stated in Cocchia v Cocchia (74 AD2d 592, 593) as follows: “The liberal policy of this court with respect to vacating defaults in matrimonial actions (Pisano v Pisano, 71 AD2d 670; Levy v Levy, 67 AD2d 998; Hewlett v Hewlett, 63 AD2d 977), even where only limited relief is available (Rutledge v Rutledge, 60 AD2d 646), requires that defendant be afforded a hearing concerning his allegations as to the respective financial capacities of himself and plaintiff.”
Although newly retained counsel for defendant has set forth a number of reasons for the delay in seeking this deposition, these excuses standing alone would not rise to the “unusual or unanticipated circumstances” referred to in the statement of readiness rule. However, weighing the considerable practical factors in an action such as this which favor pretrial depositions, against the general policy favoring strict application of the statement of readiness rule, the court should, in the absence of a showing of prejudice and where time allows and upon payment of appropriate costs, permit such a deposition.
Accordingly, defendant’s motion is granted to the following extent:
(1) For the additional legal services to be rendered at this time and the inconvenience unnecessarily incurred to plaintiff and her attorney, defendant shall pay to plaintiff the sum of $250 and to plaintiff’s counsel as an additional counsel fee the sum of $250 for a total of $500, within 20 days of the date hereof.
(2) Providing that the said costs have been paid, plaintiff is directed to appear for an examination before trial as to her financial status at Supreme Court, Suffolk County, Hauppauge, New York, on April 19,1982 at 9:30 a.m. This examination shall continue without interruption and from day to day, if necessary, until completed. There shall be no *594 adjournment of this examination except upon further order of the court.