■ VASILIOS FILIOTIS et al., Appellants, v JOHN VOYATGIS, Respondent. — In an action to recover damages for breach of a lease and for conversion, the plaintiff Georgia Filiotis appeals (by permission), as limited by her brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 2, 1982, as upon modifying an order of the Civil Court of the City of New York, Queens County (Posner, J.), dated July 8, 1981, failed to reverse the same and reinstate a default judgment obtained by her against the defendant upon his default in appearing for trial. Order affirmed, insofar as appealed from, without costs or disbursements. No opinion. On the court's own motion, the appeals (by permission) of the plaintiffs Vasilios Filiotis and St. Basil Day Care Center from said order are dismissed, without costs or disbursements, for failure to perfect the same for the November, 1982 term in accordance with the order of this court dated August 16, 1982. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.

■ JACQUES FONTAINE, Respondent, v CHRISTINA SMIELAK, Also Known as CHRISTINA JOYCE, Appellant. — In a custody proceeding between the natural parents of a five-year-old child born out of wedlock, the mother appeals from an order of the Family Court, Rockland County (Stanger, J.), dated July 1, 1982, which awarded custody of the parties' infant child to the petitioner husband. Order reversed, on the law and the facts, without costs or disbursements, custody of the infant child is awarded to the mother, and the matter is remitted to the Family Court, Rockland County, for the purpose of entering an order fixing appropriate visitation for the father. The Family Court held that the mother denied visitation rights to the father whenever possible during the pendency of the proceeding and specifically found that "the respondent [mother] is a less fit parent than the petitioner [father] to have custody of the child". Although it is apparent from the record that the mother willfully impeded the father's visitation rights and, indeed, attempted to influence the child against him, the test on a proceeding to change custody is the best interests of the child (see *Friederwitzer v Friederwitzer,* 55 NY2d 89). The mother, for all of the mentioned deficiencies, is a loving parent who is able to devote much time to the child and whose own mother, a resident in the household, takes care of the child in the mother's absence. The father, while also loving, spoke in terms of hiring a nun to take care of the child. On balance, we conclude that at this time the child's best interests continue to be in the custody of the mother. If, of course, her obstreperous conduct and efforts to influence the child against the father continue, the matter may be brought up for further consideration. Considering the factors we have mentioned and the record generally, we are disinclined to award the mother further counsel fees. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.