■ LINDA DANIELS, Appellant, v SIMON DANIELS, Respondent. — Appeal by the plaintiff mother, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated January 7, 1983, as adjudged her in contempt of court for removing the infant issue of the marriage from New York State in violation of a prior order of the same court, and

transferred custody of said infants to the defendant father unless plaintiff returned to this State by a date certain. Order reversed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a hearing before a Judge other than the one by whom the order under review was made, to be held forthwith, to determine whether a transfer of custody of the two minor children of the parties to the defendant father is in their best interests and for the purpose of entering an order fixing appropriate visitation for the noncustodial parent. Custody of the children shall remain with the plaintiff mother pending the outcome of the hearing. Despite the mother's contumacious interference with the father's parental rights, the primary consideration on this appeal, as in all cases involving custody, is the best interests of the children (*Fontaine v Smielak,* 92 AD2d 880; see *Friederwitzer v Friederwitzer,* 55 NY2d 89). Special Term transferred custody to the father without holding a hearing to determine whether he is a suitable custodian or how the change of custody would affect the children. Without a hearing, Special Term could not determine what disposition regarding custody would be in the best interests of the children, nor, on the record before us can we make such a determination (see *Matter of Gloria S. v Richard B.,* 80 AD2d 72). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.