■ CHARLOTTE HARTZ, Respondent, v JACOB S. HARTZ, Appellant. — In a matrimonial action, defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated August 19, 1982, which denied his renewed motion to vacate his default in appearing for trial, to vacate the inquest held thereon and to restore the case to the Trial Calendar, without prejudice to renewal of the motion upon a showing of compliance with two decretal paragraphs of a judgment of the same court dated June 16, 1982. Order reversed, without costs or disbursements, motion granted and judgment dated June 16, 1982 vacated. Under the facts of this case, the default should have been vacated (see, generally, *Antonovich v Antonovich,* 84 AD2d 799). Gibbons, J. P., Thompson, Gulotta and Boyers, JJ., concur.

■ ANDREW HENDERSON et al., Respondents, v HORTES HOLLEY, Appellant. — In an action to recover for breach of contract and conversion of personal property, defendant appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered April 16, 1982, which awarded plaintiffs $5,097. Appeal dismissed, without costs or disbursements, unless defendant serves upon respondents and files with this court a further record containing the missing defendant's exhibits A and C within 10 days after service upon appellant of a copy of the order to be made hereon, with notice of entry. The instant record is missing two crucial exhibits, i.e., defendant's exhibits A and C. Consequently, the appeal must be dismissed due to the inadequate record, unless such inadequacy is promptly cured. (See 22 NYCRR 670.18.) Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.