■ SHIRLEY M. MULLIGAN, Respondent, v ANTHONY D. MULLIGAN, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 19, 1982 in Columbia County, upon a decision of the court at Trial Term (Cobb, J.), without a jury. The parties herein were married on June 29, 1957 in

Newark, New Jersey. On August 11, 1978, the parties signed a separation agreement in Columbia County. At the time, the parties owned the marital residence situated on about 90 acres, an adjoining two-acre parcel of land, household furnishings and a small checking account. Additionally, defendant husband owned a savings account of about $15,000 and certain farm machinery. As a result of the separation agreement, signed by plaintiff wife despite the advice of her attorney not to do so, the husband purchased a mobile home for the wife at a cost of $5,500 and installed it upon a foundation on the two-acre parcel of land he deeded to her. There was uncontradicted appraisal testimony at trial that the two-acre parcel and mobile home had a fair market value of $14,500 while the fair market value of the residence and acreage retained by the husband had a value of $58,000. The wife also returned to the husband a coin collection worth about $1,500. The wife instituted this action to rescind the separation agreement and to impose a constructive trust on certain assets held in the name of the husband alone. After trial before the court without a jury, the court found overreaching on the part of the husband and ordered rescission of the separation agreement in its entirety. The court then ordered the husband to reconvey the marital residence and acreage to himself and the wife, as tenants by the entirety, and the wife to return to the husband the mobile home and furnishings purchased by the husband and to reconvey the two-acre parcel to herself and the husband, as tenants by the entirety. The trial court also dismissed the wife's cause of action to impose a trust for failure of proof and refused to make an award for punitive damages. This appeal by the husband ensued. There should be an affirmance. In the instant case, there was ample evidence to sustain the trial court's finding that the agreement was unfair in its terms and the product of overreaching by the husband. "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching [citations omitted]. In determining whether a separation agreement is invalid, courts may look at the terms of the agreement to see if there is an inference, or even a negative inference, of overreaching in its execution" (*Christian v Christian*, 42 NY2d 63, 72-73; accord *Parker v Parker*, 66 AD2d 328). There was evidence in the record that the wife was especially dependent upon and subservient to her husband, that she was of below average intelligence, that she could not understand the consequences of the terms of the separation agreement, that her thought patterns were confused when they involved her husband, that she was suffering from an emotional disturbance, and was depressed at the time of execution of the agreement. The wife's psychologist testified that she had a dysthymic personality at the time. The wife's proof also showed that, shortly after her attorney made a motion seeking alimony, exclusive possession of the marital residence, support for the children and counsel fees, her husband appeared at her home with the separation agreement and pressured her into signing it through threats and promises. The facts establish that the wife was subject to the overbearing will of her husband. Judgment affirmed, with costs. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.