■ PATRICIA A. LUCAS, Respondent, v PETER T. LUCAS, Appellant. — In a matrimonial action, in which the plaintiff wife was granted a judgment of divorce on the ground of cruel and inhuman treatment upon the default of the defendant husband, he appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated January 17, 1984, which denied his motion to vacate the judgment of divorce, without a hearing.

Order modified by striking everything following the word "denied" and by substituting therefor the following, "except that the motion is granted to the extent of according defendant a hearing at which he may appear and offer evidence on the limited question of the propriety of the economic provisions of the judgment, i.e., those provisions dealing with maintenance, child support, health and life insurance, title and possession of the marital residence, and equitable distribution of defendant's pension and/or individual retirement account; in the interim all the provisions of the judgment shall remain in full force and effect unless and until vacated after the hearing and defendant shall forthwith comply with the maintenance, child support and insurance provisions of the judgment. The limited grant of defendant's motion to vacate the default judgment of divorce is conditioned upon payment by defendant of $250 to plaintiff." As so modified, order affirmed, without costs or disbursements. Defendant's time to comply with the condition, i.e., the payment of $250, is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Upon compliance with the condition, the matter is remitted to Special Term for an immediate hearing and, if necessary, the entry of an appropriate amended judgment. If this condition is not complied with, then order affirmed, with costs.

Under the liberal policy of vacating defaults in matrimonial actions (*Vanderhorst v Vanderhorst,* 282 App Div 312; *see also, Harris v Harris,* 35 AD2d 894; *Krupinski v Krupinski,* 20 AD2d

719), the circumstances at bar warrant the reopening of the matter to the extent and under the conditions here indicated (*Cocchia v Cocchia,* 74 AD2d 592; *Rutledge v Rutledge,* 60 AD2d 646; *Rizzo v Rizzo,* 50 AD2d 915). While current amendments to the CPLR restored the court's power to exercise its discretion to excuse the type of default which occurred at bar (*see,* CPLR 2005, 3012 [d], L 1983, ch 318), we do not view those amendments as suggesting that there is no need to comply with the time requirements of the CPLR. Accordingly, we have imposed an appropriate sanction as a condition of the relief accorded to defendant (*Tehan v Tehan,* 97 AD2d 840). Finally, we note that the vacatur, if any, of the economic provisions of the judgment would not affect the provisions of the judgment which (1) granted plaintiff a divorce on the ground of cruel and inhuman treatment and (2) granted plaintiff custody of the infant issue of the marriage. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.