■ ASTER ALEXANDER, Appellant, v CHERYL ALEXANDER, Respondent.—In an action to set aside or reform a stipulation which was incorporated but not merged into a decree of divorce, plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, R.), dated January 19, 1984, as (1) enforced that branch of the stipulation which called for a property exchange between the parties; and (2) denied plaintiff's request for custody of the children.

Order affirmed insofar as appealed from, without costs or disbursements.

On July 23, 1982, the parties entered into a stipulation of settlement of various property, support, custody and visitation issues with respect to their matrimonial action. That stipulation was incorporated, but not merged, into a divorce decree dated September 30, 1982. It provided that the wife would have sole custody of the parties' three children, and granted

the husband reasonable visitation rights. The wife was to receive title to the former marital residence in Brooklyn, New York, along with its rental income, in lieu of child support. The transfer of title did not occur, however, nor did the husband contribute to child support. Although the wife was collecting the rental income from the property, she applied for a modification of the divorce decree requesting child support upon the ground that she was suffering financial hardship. Within one month of making the application, however, she withdrew her request. The wife also took the children out of the country for a period of two to three months, thereby impeding the husband's visitation rights. The husband was then issued a writ of habeas corpus, but the wife defied the writ and removed the children to England. By order to show cause dated September 27, 1983, the husband moved for an order setting aside or reforming the stipulation on the basis of fraud, mistake and failure of consideration. He sought to nullify that portion of the agreement requiring transfer of title to the Brooklyn property and also sought custody of the children. At hearings before a referee, the wife opposed the custody change on the basis that the husband had been sexually abusing the children, an allegation which had theretofore been investigated by the Brooklyn Society for the Prevention of Cruelty to Children. The court denied the husband's request to change custody, but ordered the wife to return the children to New York and directed a modified visitation schedule. The husband's motion to set aside or reform the stipulation with respect to the property was also denied, and the parties were ordered to comply with the stipulation.

Upon our review of the record before us, the denial of the husband's application for custody and reformation of the settlement agreement was proper. Absent a showing of fraud, mistake, duress or overreaching, an oral stipulation of settlement of property issues in a matrimonial action, if spread upon the record and found to be fair and reasonable, will not be disturbed by the court (*see, Harrington v Harrington,* 103 AD2d 356; *Tinter v Tinter,* 96 AD2d 556; *Josephson v Josephson,* 121 Misc 2d 572). The parties at bar willingly and upon the advice of counsel agreed to exchange the right to child support for title to the marital residence and the income therefrom. The husband presented no evidence of overreaching or fraud by the wife, or the mutual mistake which would entitle him to reformation (*see, Surlak v Surlak,* 95 AD2d 371; *see also, Mulligan v Mulligan,* 98 AD2d 852). Nor has there

been a failure of consideration, since the wife had withdrawn her application for child support (*see, Verschell v Pike,* 85 AD2d 690). Furthermore, based upon the facts before the court at the time it rendered its decision, the denial of the husband's request for custody was in the best interests of the children. Although the wife had caused some interference with the husband's visitation rights when she temporarily removed the children from New York, other factors mitigated against an award of custody to the father (*see, Daniels v Daniels,* 93 AD2d 877).

Without passing upon the merits thereof, if the alleged change in the circumstances of the parties which occurred subsequent to the entry of the order under review and which was raised at oral argument has caused the provisions of the stipulation to become inappropriate, an application for relief may be made at Special Term. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.