■ KATHARINA IMOR, Respondent, v JOHN S. IMOR, Appellant.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered May 15, 1985 in Columbia County, which denied defendant's motion to vacate the judgment of divorce and the settlement agreement incorporated therein.

Defendant seeks to vacate a judgment of divorce entered June 11, 1984. Since defendant has remarried, it is apparent that his concern is not with the divorce itself, but, rather, his objections are directed to the financial provisions contained in a stipulation of settlement, dated November 20, 1983, which was incorporated into the judgment of divorce. Pursuant to the clear and unambiguous language of the stipulation of settlement, defendant withdrew his answer in the divorce action and authorized plaintiff "to proceed as if by default, without further notice to him". Plaintiff thereafter obtained the judgment of divorce by default.

Defendant argues that since he was represented by counsel, who served a notice of appearance and an answer in the divorce action, CPLR 321 (a) prohibited defendant from acting in person in the action without court approval. Thus, according to defendant's argument, he was not authorized to enter into the stipulation of settlement withdrawing his answer and permitting plaintiff to proceed as if by default. The flaw in defendant's argument is that he unequivocally acknowledged in the stipulation that he had discharged his attorneys of record and elected to proceed on his own behalf. Having terminated the attorney-client relationship, which he had the absolute right to do (see, Demov, Morris, Levin & Shein v Glantz, 53 NY2d 553, 556-557), defendant cannot now claim that he was represented by counsel and could act only through that counsel.

Defendant maintains that in the absence of a formal consent to a change of attorney signed by his former counsel, as is required by CPLR 321 (b) (1) when changing an attorney of record without court approval, the prohibition contained in CPLR 321 (a) remained in effect despite defendant's discharge of counsel. We disagree. As a consequence of the failure to comply with the formal requirements of CPLR 321 (b) (1), a party cannot deny the authority of his former attorney of

record to act on his behalf *(see, Blondell v Malone,* 91 AD2d 1201, 1202), but we see no reason to permit defendant to use this technical inadequacy as a means to deny that he had the authority to act on his own behalf after discharging his attorney. To the extent that the Second Department's decision in *Moustakas v Bouloukos* (112 AD2d 981) holds to the contrary, we decline to follow it.

Defendant claims in his motion papers that he did not discharge his former attorney until he recently substituted present counsel. However, in the face of the unequivocal acknowledgment in the stipulation, defendant has submitted no proof to support this bare allegation. Notably absent is any proof from the former counsel.

Defendant next claims that the judgment was obtained through fraud, misrepresentation and overreaching by plaintiff and/or her attorney. This misconduct allegedly occurred when the parties entered into the stipulation. Defendant alleges that plaintiff and/or her attorney told him that the stipulation was only "temporary", that its terms could be renegotiated and that he would "have his day in court". Plaintiff and her attorney deny the allegations. In light of defendant's conduct before and after he signed the stipulation, we find his claims of misrepresentation and overreaching to be highly improbable. Even less credible is his claim that he relied upon and was induced by the alleged misrepresentations to enter into the stipulation. There is no claim that defendant is of less than average intelligence or that he has difficulty reading and understanding written matter. He maintains his own chiropractic practice and, therefore, must have some comprehension of ordinary business and financial affairs. The stipulation, a relatively brief and uncomplicated document, is written in plain English. Even a cursory reading of the stipulation reveals that it is not "temporary", that its terms are not subject to future negotiation and that defendant will not have his day in court. Moreover, the financial terms of the agreement do not appear to be so one-sided or unfair as to give rise to an inference of overreaching *(cf. Christian v Christian,* 42 NY2d 63, 73).

Defendant also claims that the default judgment was entered without giving him the five days' notice required by CPLR 3215 (f) (1). As noted above, however, defendant expressly authorized plaintiff "to proceed as if by default, without further notice to [defendant]". Defendant has failed to establish that sufficient grounds exist to vacate the judgment. Special Term's order should, therefore, be affirmed.

Order affirmed, with costs. Kane, Casey and Weiss, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to reverse in a memorandum by Levine, J. Levine, J. (dissenting). We agree with the majority that the judgment herein is not subject to vacatur on the sole fact that the stipulation was entered into without compliance with the formal requisites for discharge of defendant's attorney of record under CPLR 321 (b) *(cf. Moustakas v Bouloukos,* 112 AD2d 981). Nevertheless, we are of the view that the facts averred in defendant's motion to vacate were sufficient to require an evidentiary hearing and that, therefore, it was error for Special Term to have denied the motion on the papers alone.

Matrimonial actions are subject to strict judicial surveillance because, unlike ordinary contracts between strangers, a fiduciary relationship exists between the parties requiring the utmost of good faith *(Christian v Christian,* 42 NY2d 63, 72). Defendant has sworn to specific factual averments concerning representations made to him when the stipulation for a default divorce and financial settlement was entered into and regarding his own financial circumstances at the time which, if true, would establish that the judgment was obtained by extrinsic fraud and was so manifestly unfair as to raise an inference of overreaching. If thus established, these averments are sufficient to invalidate the settlement agreement *(see, supra,* at p 73; *Mulligan v Mulligan,* 98 AD2d 852, 853; *Shaw v Shaw,* 97 AD2d 403; *Pisano v Pisano,* 71 AD2d 670).

Moreover, that defendant was not independently represented when the settlement was arrived at "is a significant factor to be taken into consideration when determining whether a separation agreement was freely and fairly entered into" *(Levine v Levine,* 56 NY2d 42, 48). The absence of counsel for defendant was even further suspect because an attorney had formerly appeared in the action on his behalf. In dealing directly with defendant without at least obtaining informal, direct confirmation from defendant's attorney-of-record that he was no longer in the case, plaintiff's counsel came perilously close to a violation of the canons of ethics *(see,* Code of Professional Responsibility, DR 7-104 [A] [1]; *Moustakas v Bouloukos, supra,* p 983). Under these circumstances, the recitals in the stipulation itself, relied upon heavily by the majority, cannot serve conclusively to disprove defendant's averments, since his claim is that his entering into the stipulation was induced by fraud and overreaching. For these

reasons, we would reverse Special Term's order and remit for an evidentiary hearing to resolve the issues of fact raised by defendant's motion *(see, Pisano v Pisano, supra)*.