■ In the Matter of LYNN W., Respondent, v GUY C., Appellant.—In a custody proceeding between the natural parents of a three-year-old child, the father appeals from an order of the Family Court, Orange County (Ludmerer, J.), entered September 30, 1986, which awarded custody of the child to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The test applicable in a custody proceeding between the natural parents of a child born out of wedlock is the best interests of the child *(Fontaine v Smielak,* 92 AD2d 880, *appeals dismissed* 59 NY2d 761, 60 NY2d 963). Among the factors to be considered is the quality of the home environment *(Matter of Ebert v Ebert,* 38 NY2d 700, 702), the need for stability in a child's life *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94), and the relative fitness of the respective parents *(Friederwitzer v Friederwitzer, supra,* at 94; *Eschbach v Eschbach,* 56 NY2d 167, 172). "The weighing of these various factors requires an evaluation of the testimony, character and sincerity of all the parties involved in this type of dispute. Generally, such an evaluation can best be made by the trial court which has direct access to the parties and can supplement that information with whatever professionally prepared reports are necessary" *(Eschbach v Eschbach, supra,* at 173). In matters of this character, "the findings of the nisi prius court must be accorded the greatest respect" *(Matter of Irene O.,* 38 NY2d 776, 777; *Matter of Ebert v Ebert, supra,* at 703). Upon a review of the instant record, the trial court's conclusion that custody with the mother would serve the best interests of the child is not contrary to the weight of the evidence *(cf., Freiman v Freiman,* 99 AD2d 765). Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.