■ LORIS XIMINES, Respondent, v RANDOLPH XIMINES, Appellant.—In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Queens County

(Ambrosio, J.), dated April 27, 1987, upon the default of the defendant husband, the defendant appeals, as limited by his brief, from so much of an order of the same court, dated June 15, 1987, as denied, without a hearing, those branches of his motion which were to vacate the custody and financial provisions of the judgment of divorce.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and those branches of the defendant's motion which were to vacate the custody and financial provisions of the judgment of divorce are granted to the extent of according the defendant a hearing at which he may appear and offer evidence on the questions of the custody of the parties' children and the financial provisions of the judgment of divorce, i.e., those provisions dealing with maintenance, child support, life and medical insurance, equitable distribution of the parties' marital property, and counsel fees and for a new determination with respect to those provisions, upon condition that the defendant's attorney personally pay the sum of $250 to the plaintiff within 20 days after service upon the defendant's attorney of a copy of this decision and order with notice of entry; in the interim, the plaintiff wife shall retain custody of the parties' children and the defendant shall continue to comply with the former maintenance, child support and insurance provisions of the judgment. Upon compliance with the condition, the matter is remitted to the Supreme Court, Queens County, for a prompt hearing and determination, and the entry of an appropriate amended judgment; if the condition is not complied with, then the order is affirmed insofar as appealed from, with costs.

Under the circumstances herein and in light of the liberal policy of vacating defaults in matrimonial actions, we find that it is appropriate to reopen the matter to the extent indicated herein (see, Lucas v Lucas, 109 AD2d 781; Antonovich v Antonovich, 84 AD2d 799; Rutledge v Rutledge, 60 AD2d 646). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.