■ GEORGE KREMER, Respondent, v JEAN KREMER, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated September 23, 1987, which denied her renewed motion to extend her time to interpose an answer.

Ordered that the order is reversed, in the exercise of discretion, without costs or disbursements, the defendant's renewed motion is granted, and her proposed answer is deemed served, on the condition that the defendant's attorney personally pays $1,500 to the plaintiff within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the order is affirmed, without costs or disbursements.

The Supreme Court erred in denying the defendant's motion for relief under CPLR 3012 (d) based solely on her failure to submit an adequate affidavit of merit *(see, Trapani v Imlug & Seven Corp.,* 140 AD2d 690; *Jones v TSS Seedman's,* 131 AD2d 728; *Mufalli v Ford Motor Co.,* 105 AD2d 642). Given this State's liberal policy toward preventing default judgments in matrimonial actions *(see, D'Alleva v D'Alleva,* 127 AD2d 732; *Lucas v Lucas,* 109 AD2d 781; *Rutledge v Rutledge,* 60 AD2d 646), the reasonable excuse proffered for the defendant's delay in answering, and the lack of prejudice to the plaintiff, the defendant should have been granted an extension of time within which to answer and to assert her counterclaim. Under the circumstances, however, we condition our reversal upon the payment by the defendant's attorney personally of $1,500 to the plaintiff to compensate him for the inconvenience and additional legal work emanating from the delay. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.