■ JOAN M. HAMMOND, Respondent, v DAVID B. HAMMOND, Appellant.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court, (Jiudice, J.), entered June 13, 1989 in Dutchess County, which denied defendant's motion to vacate a default judgment entered against him.

Defendant seeks to vacate a default judgment of divorce, granted on grounds of cruel and inhuman treatment, contending that an answer was interposed and served on plaintiff's former counsel and thus the default judgment was improperly entered against him. A hearing was ordered on the motion.

During the hearing defendant testified that he sought and obtained an extension until January 20, 1988 to answer the complaint from plaintiff's former counsel, James Brands. On January 19, 1988 defendant went to his own counsel's office and verified an answer to plaintiff's complaint. Defense counsel's secretary then proceeded to serve the answer on Brands, whose office was across the street, located in a three-story building housing several offices. She testified that she left the answer with an unidentified person occupying a desk in the first floor reception area. Brands' office was located on the second floor. Brands testified that he never received defendant's answer. Thereafter plaintiff's present counsel, Eugene Nicolato, was substituted for Brands. Nicolato testified that plaintiff's file, received from Brands, contained no answer therein from defendant nor any correspondence regarding the matter. However, Brands had sent a letter to defendant, with a copy to defense counsel, acknowledging that the time to answer was extended to January 20, 1988. A copy of this letter was not found in the file transferred to Nicolato. Thereafter, Nicolato sent a notice to defendant by certified mail that a default judgment would be sought. Defendant received the notice when he went to his postal box, some six days after entry thereof. The default judgment was entered on April 14, 1988. Defendant moved expeditiously to vacate it. Supreme Court found that defendant had failed to properly serve defendant's answer on plaintiff's former counsel as required by CPLR 2103 (b) (3) and declined to vacate the default.

There should be a reversal. Defendant's default was attributable to the failure of his counsel's office to properly serve an answer on plaintiff's counsel. The meager attempt at service made herein left defendant without a chance to challenge the assertions of cruel and inhuman treatment made by plaintiff. Defendant vehemently denies the specific acts alleged by plaintiff in her complaint in the affidavit of merits.

This is a long-standing marriage. There are four minor issue thereof. The complaint's allegations are very general. It is averred that defendant neglected plaintiff, failed to socialize and placed his professional life over his family life. In a contested action, the allegations may well be found to be inadequate.

The courts favor a resolution of lawsuits on the merits. In matrimonial actions, the policy is one of liberality in opening defaults (*D'Alleva v D'Alleva*, 127 AD2d 732, 734; *see, Pisano v Pisano*, 71 AD2d 670). Considering all of the circumstances and the absence of willfulness on defendant's part, the default judgment should be vacated and defendant permitted to serve his answer on plaintiff within 20 days of the date of this decision.

Order reversed, on the facts, with costs, and motion to vacate the default judgment granted upon the condition that an answer is served within 20 days of the date of this court's decision. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.