■ PAUL A. LARRIEUX, Appellant, v ELVIRE LARRIEUX, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered September 14, 1989, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), entered March 17, 1990, which denied his motion, *inter alia,* to vacate the judgment of divorce, or, in the alternative, to modify the child support provision of the judgment.

Ordered that the order is affirmed, with costs.

On or about March 26, 1987, the husband instituted the instant matrimonial action by service of a summons and verified complaint. The wife counterclaimed for a divorce and ancillary relief including child support. In the summer of 1987 the husband moved from New York to Florida and allegedly requested that his counsel discontinue the action. Meanwhile, the wife obtained an order from a Florida court directing the husband to pay her $51.50 per week in child support. Without informing his New York attorney, the husband obtained an ex parte Haitian divorce in November 1988. By letter sent by certified mail to the husband's address in Florida, the wife's attorney in the New York action notified the husband, who at that time was proceeding *pro se,* that an inquest would be held on June 9, 1989, on the wife's counterclaim. The husband refused to accept this letter. The inquest was held in the husband's absence and the Supreme Court granted the wife's counterclaim for divorce, awarded her equitable distribution of marital property, and upwardly modified her child support award to $105 per week. The husband then retained counsel and moved to vacate the judgment, alleging, *inter alia,* that his default in appearing at the inquest was excusable. That motion was denied, and this appeal ensued.

While the courts have adopted a liberal attitude in vacating defaults in matrimonial actions *(see, Lucas v Lucas,* 109 AD2d 781; *Antonovich v Antonovich,* 84 AD2d 799), it is still incumbent upon the moving party to show a reasonable excuse for the default (i.e. that it was neither intentional nor willful), and the existence of a meritorious defense *(see, Anderson v Anderson,* 144 AD2d 512, 513; *Formichella v Formichella,* 134 AD2d 481; *Antonovich v Antonovich, supra).* We agree with the Supreme Court that the husband failed to establish his entitlement to vacatur of his default.

We have considered the husband's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.